STATE OF NORTH CAROLINA v. REGINALD L. ROBINSON

No. 515A83

(Filed 3 April 1984)

1. **Rape and Allied Offenses § 11— rape in first degree—insufficiency of evidence**

   In a prosecution for rape in the first degree of a female child under 12 years of age, defendant being over the age of 12 and more than four years older than the child, the evidence was insufficient to withstand defendant's motion to dismiss the charge at the close of the State's evidence and was insufficient to withstand defendant's subsequent motion to set aside the verdict as contrary to the law and the evidence where the State failed to offer the requisite evidence to establish beyond a reasonable doubt the fact that defendant had vaginal intercourse with the child. A careful review of the statements made by the prosecuting witness regarding the events of the day of the crime and the sexual misconduct of the man who abused her revealed that the child nowhere described an act of sexual intercourse; defendant's statement that "I did it . . .," is ambiguous, requiring the jury to speculate what he meant by "it"; and the examining doctor's testimony that a male sex organ "could" cause the vaginal condition he found in the child was insufficient evidence to submit the charge of the crime of rape in the first degree to the jury.

2. **Rape and Allied Offenses § 17— ability to sentence on lesser offense on remand of rape case**

   By its verdict of guilty of rape in the first degree, the jury necessarily found beyond a reasonable doubt all the elements of the lesser offense of attempt to commit rape, and pursuant to G.S. 15-170, and G.S. 14-27.6, where the evidence was insufficient to support the jury's verdict of rape in the first degree, the case is remanded for sentencing on the offense of attempt to commit rape in the first degree.

3. **Constitutional Law § 30— failure to disclose criminal record of State's witnesses—no denial of due process**

   Defendant failed to show prejudice in the trial court's refusal to grant his motion in limine as to evidence of prior acts of misconduct and prior convictions of the State's witnesses, regardless of whether they resulted in criminal charges against the witness. G.S. 15A-903 does not grant the defendant the

State v. Robinson

right to discover the names and addresses, let alone the criminal records, of the State's witnesses and fundamental fairness and the right to due process does not compel disclosure absent a showing (1) that the witness had a significant record of degrading or criminal conduct; (2) that the impeaching information sought was withheld by the prosecution; and (3) that its disclosure considered in light of all the evidence would have created a reasonable doubt of his guilt which would not otherwise exist.

**4. Criminal Law § 43— admission of photographs illustrating testimony proper**

In a prosecution for first degree rape, the trial court did not err in allowing into evidence photographs of the area where the victim's clothes were found and photographs of the clothes as a means of illustrating the testimony of a witness concerning the location of the scene and the search for the victim's missing clothes.

**5. Criminal Law § 53— medical expert testimony in rape case—proper**

A physician's "speculative testimony concerning the possible cause" of a possible rape victim's injuries was properly admitted pursuant to G.S. 8-58.12 and 8-58.13 where the expert used the word "could" with respect to a penis being the cause of the victim's injuries and where he did not testify that the child had been raped, nor that defendant raped her, and where he did offer the quite proper opinion that she had been penetrated and that her internal injuries had been caused thereby.

**6. Rape and Allied Offenses § 10— competency of four-year-old rape victim to testify**

Where the record of a first degree rape trial disclosed that the court inquired into a four-year-old child's intelligence and understanding and admitted her testimony upon evidence which supported his conclusion of competency, the conclusion will not be disturbed on appeal.

**7. Criminal Law § 162— failure to object to failure to swear in witness—waiver**

Defendant's failure to object to a four-year-old witness being allowed to testify without being sworn as a witness was fatal to defendant's argument citing error by the trial court.

APPEAL by defendant from judgment of *Johnson, J.*, entered at the 23 May 1983 Criminal Session of the CUMBERLAND County Superior Court. Heard in the Supreme Court 16 February 1984.

Defendant was charged in an indictment proper in form with rape in the first degree of Selena McDonald, a female child under twelve years of age, defendant being over the age of twelve and more than four years older than Selena McDonald.

The state presented evidence tending to show the following:

The alleged rape took place on or about 14 August 1982 when Selena McDonald was three years old. At around 10:30 or 11:00 on

the evening of 13 August 1982, the child accompanied her aunt, fourteen-year-old Maritza James, her twenty-year-old uncle, and others to a party in the Riverside Trailer Park. Arriving at the location of the party, Maritza went to a nearby residence to visit, leaving Selena with a girlfriend, Connie. When Connie appeared later without Selena, a search of the area was begun to locate the child.

After a period of time, Selena was heard crying near a tree next to the trailer park. She was found by Terry McLean. McLean picked up the child, who was clad only in a little shirt, her face bruised and her hair mussed. As he did so, he saw defendant emerge from the trees with his pants unzipped. Other witnesses testified that they observed Selena with McLean, that she was missing all of her clothes but a shirt, and that defendant's penis was out of his pants. Defendant was heard to say, "I did it, but don't let them hurt me." Selena's uncle testified that he went back to the trailer park two months later, accompanied by two investigating officers, and found the missing items of clothing Selena had been wearing on the night in question.

Dr. Perry Harmon, testifying as an expert in the field of obstetrics and gynecology, examined Selena thoroughly under general anesthesia on the morning of 14 August 1982. His examination revealed vaginal abrasions, a laceration, and stretching, caused in his opinion by a "blunt instrument" which "could" mean "a male sex organ" and would "require an object larger than say a finger." He discovered no internal damage in the upper vagina.

Selena McDonald testified at trial, having been found competent at a voir dire hearing. She was not sworn as a witness. When questioned by the trial court in the presence of the jury, she testified, in part, as follows:

Q. All right. You say this man grabbed you?

A. (Nodded head affirmatively.)

Q. All right. You tell us what happened.

A. He—he put his ding-a-ling in my mouth. He stuck his finger in my thing right there (indicating).

Q. All right.

A. And then he—he put his—I mean, he slapped me four different times like this (indicating), and then he—then he tell me he don't—don't do nothing and don't say nothing. And don't—he rolled over. He rolled over about that many.

She did not identify defendant as the person who abused her.

The defendant presented no evidence. From the mandatory life sentence imposed upon his conviction of rape in the first degree, defendant now appeals to this Court.

*Rufus L. Edmisten, Attorney General, by H. A. Cole, Jr., Special Deputy Attorney General, and Fred R. Gamin, Assistant Attorney General, for the State.*

*Mary Ann Tally, Public Defender, Twelfth Judicial District, for defendant.*

MARTIN, Justice.

[1] At the close of the state's evidence in this case, counsel for the defendant moved to dimiss the charge for insufficiency of the evidence. The defendant has assigned as error the trial judge's refusal to grant the motion, as well as his subsequent denial of defendant's motion to set aside the verdict as contrary to the law and the evidence in this case.

There is merit in these arguments.

Considering the testimony favorable to the state and assuming it to be true, *State v. Bowman,* 232 N.C. 374, 61 S.E. 2d 107 (1950), we find that this evidence is not sufficient to sustain the allegation of the indictment that defendant raped Selena McDonald. The state has not offered the requisite evidence to establish beyond a reasonable doubt the fact that defendant had vaginal intercourse with the child. *State v. Jones,* 249 N.C. 134, 105 S.E. 2d 513 (1958); *State v. Cope,* 240 N.C. 244, 81 S.E. 2d 773 (1954); N.C. Gen. Stat. § 14-27.2 (Cum. Supp. 1983). *See also* 75 C.J.S. *Rape* § 67 (1952).

It is true that the law does not require the complaining witness to use any particular form of words in stating that defendant had carnal knowledge of her, *State v. Bowman, supra,* and further that "vaginal intercourse" in a legal sense is proven if there is the

slightest penetration of the sexual organ of the female by the sexual organ of the male. *State v. Jones, supra* (and cases cited therein).

However, it is equally true that "[n]o matter how disgusting and degrading defendant's conduct as depicted by the witness may have been, his conviction should not be sustained unless the evidence suffices to prove the existence of each essential ingredient of the crimes for which he was being tried." *State v. Whittemore*, 255 N.C. 583, 586, 122 S.E. 2d 396, 398 (1961). The corpus delicti in a prosecution for rape may be proved, inter alia, by the testimony of the prosecutrix and corroborating circumstances or by circumstantial evidence. 75 C.J.S., *supra*, § 67.

A careful review of every statement made by Selena McDonald regarding the events of the night of 13 August 1982 and the sexual misconduct of the man who abused her reveals that the child nowhere described an act of sexual intercourse. There remain the statements by defendant at the time he was discovered with Selena, the examining doctor's testimony that a male sex organ "could" cause the vaginal condition he found in the child, and the circumstantial evidence of defendant's compromising appearance. Defendant's statement, "I did it . . .," is ambiguous, requiring the jury to speculate what he meant by "it."

We hold as a matter of law that the evidence is insufficient to submit the charge of the crime of rape in the first degree to the jury. We therefore vacate the judgment in this case.

[2] N.C.G.S. 15-170 provides: "Upon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime." It is well settled that this statutory section is applicable only when there is evidence in the case tending to show that the defendant may be guilty of a lesser offense. *State v. Weaver*, 306 N.C. 629, 295 S.E. 2d 375 (1982); *State v. Murry*, 277 N.C. 197, 176 S.E. 2d 738 (1970); *State v. Jones, supra*, 249 N.C. 134, 105 S.E. 2d 513.

Pursuant to N.C.G.S. 15-170 and N.C.G.S. 14-27.6, hereinafter explained, we are remanding this case for sentencing on the offense of attempt to commit rape in the first degree.

"An attempt to commit first-degree rape as defined by G.S. 14-27.2 . . . is a Class F felony." N.C. Gen. Stat. § 14-27.6 (1981).[1] In order to prove this offense the state must show that the defendant had the intent to commit the crime and committed an act that goes beyond mere preparation but falls short of actual commission of the offense. *State v. Boone*, 307 N.C. 198, 297 S.E. 2d 585 (1982). In his charge to the jury, Judge Johnson included an instruction on the offense of attempt to commit rape in the first degree.

On this charge, the state is required to prove beyond a reasonable doubt that defendant intended to have sexual intercourse with the child. "Intent is an attitude or emotion of the mind and is seldom, if ever, susceptible of proof by direct evidence, it must ordinarily be proven by circumstantial evidence, *i.e.*, by facts and circumstances from which it may be inferred." *State v. Gammons*, 260 N.C. 753, 756, 133 S.E. 2d 649, 651 (1963). In order to convict defendant on this charge, it is not necessary for the state to prove an actual physical attempt forcibly to have sexual intercourse with the child. *State v. Hudson*, 280 N.C. 74, 185 S.E. 2d 189 (1971), *cert. denied*, 414 U.S. 1160 (1974). From the totality of the evidence in this case, the jury could properly infer that the defendant intended to have sexual intercourse with Selena. *Id.; State v. Mehaffey*, 132 N.C. 1062, 44 S.E. 107 (1903); *State v. Lang*, 46 N.C. App. 138, 264 S.E. 2d 821 (1980). Likewise, the evidence fully supports the conclusion that defendant committed acts upon Selena that fall short of actual commission of the offense. *State v. Boone, supra*, 307 N.C. 198, 297 S.E. 2d 585.

We hold that by its verdict of guilty of rape the jury necessarily found beyond a reasonable doubt all of the elements of the lesser offense of attempt to commit rape. *See State v. Small*, 301 N.C. 407, 272 S.E. 2d 128 (1980).

[3] We turn next to a consideration of defendant's remaining assignments of error. Defendant has assigned as error the trial court's refusal to grant his motion in limine as to evidence of prior acts of misconduct and prior convictions of the state's witnesses, regardless of whether they resulted in criminal charges

---

1. This section was enacted to replace the former crime of assault with intent to commit rape. *State v. Boone*, 307 N.C. 198, 297 S.E. 2d 585 (1982).

against the witness. At the hearing on this motion, immediately following the trial court's denial, the assistant district attorney acknowledged that certain of his witnesses "have not denied anything they've been convicted of to me yet that I know of." Defendant argues that this admission only strengthens his position on the question of the necessity of this impeaching information for an effective defense.

The relevant statute, N.C.G.S. 15A-903, does not grant the defendant the right to discover the names and addresses, let alone the criminal records, of the state's witnesses. Furthermore, a provision authorizing the discovery of such material was included in the draft of the original bill and subsequently deleted. N.C. Gen. Stat. § 15A-903 official commentary (1978); *see State v. Brown*, 306 N.C. 151, 293 S.E. 2d 569 (1982); *accord, State v. Smith*, 291 N.C. 505, 231 S.E. 2d 663 (1977).

Defendant concedes that the statute does not entitle him to the requested information but argues that "fundamental fairness and the right to due process" should nevertheless compel a decision in his favor. We find this due process argument to have been carefully addressed in *State v. Ford*, 297 N.C. 144, 254 S.E. 2d 14 (1979). Writing for this Court, Chief Justice Sharp framed the question as follows:

> The only issue, therefore, is whether the information which defendant sought from the prosecution was of such significance that the prosecutor's failure to disclose it resulted in the denial of the defendant's due process right to a fair trial. *United States v. Agurs*, 427 U.S. 97, 49 L.Ed. 2d 342, 96 S.Ct. 2392 (1976). . . .
>
> To establish a denial of due process defendant would have had to show (1) that Smith *had* a significant record of degrading or criminal conduct; (2) that the impeaching information sought was withheld by the prosecution; and (3) that its disclosure considered in light of all the evidence would have created a reasonable doubt of his guilt which would not otherwise exist. *United States v. Agurs, supra* at 112, 49 L.Ed. 2d at 354-55; 96 S.Ct. at 2401-2.

297 N.C. at 148-49, 254 S.E. 2d at 17. Assuming, arguendo, that defendant has satisfactorily proven (1) and (2) above, he clearly has made no showing of prejudice as required by (3).

This assignment of error must fail.

[4]   Defendant next assigns as error the trial court's admission into evidence, over his objections, of state's Exhibits I through IV. These were, respectively: a photograph of the area at the Riverside Trailer Park depicting the tree where Selena McDonald's uncle located her clothes two months after her abduction; two photographs of the clothing itself—underwear, shorts, and a sandal; and a photograph of the trailer park depicting the layout of the park. Each exhibit was offered to illustrate the testimony of Selena's uncle, Abraham James, as he related facts concerning the location of the party and the search for Selena's missing clothes. Judge Johnson gave the proper limiting instructions concerning the illustrative purpose of these exhibits as they were presented at trial and again in his final charge to the jury. The photographs were properly admitted as evidence. *See generally* 1 Brandis on North Carolina Evidence § 34 (1982).

[5]   The next two assignments of error concern the expert medical testimony of Dr. Perry Harmon. Defendant argues that the trial court erred in allowing Dr. Harmon to testify about Selena's injuries prior to the state's establishing the corpus delicti of the offense and in allowing Dr. Harmon's "speculative testimony concerning the possible cause" of these injuries.

Defendant concedes that a party may ordinarily call his witnesses in such order as he desires and departure from the regular order is within the sound discretion of the court. *See id.* § 24. Defendant having thereby waived the corpus delicti argument, we here consider only the following portion of trial testimony to which defendant objected:

> Q. What kind of instruments, Dr. Harmon, would cause the injuries, the abrasions and the stretching that you—and the laceration that you observed, sir?
>
> . . . .
>
> A. A blunt instrument.
>
> Q. And what do you mean by "a blunt instrument"?
>
> . . . .
>
> A. Well, a male sex organ could.

. . . .

Q. And what do you base that opinion on, Dr. Harmon?

. . . .

A. —just the arrangement and the distance between the—what I found. The distance from the—from the abrasions on the labia minora to the laceration in the vagina to the stretching of the hymenal ring would require an object (indicating) larger than say a finger. It—I don't think that you could do what I found with a single finger.

. . . .

Q. And would it require penetration of the vaginal area to inflict those injuries, sir?

. . . .

A. I believe so.

. . . .

Q. And you were able to insert your finger without causing any damage, is that correct, sir?

A. Absolutely. Um-hum. Because, as I said, the hymenal ring had already been traumatized. The upper vagina was very small, a normal caliber. It was just the hymenal ring and the lower, or vestibule, the lower part of the vagina, that had been traumatized and stretched.

We find no error in the admission of this testimony. N.C. Gen. Stat. §§ 8-58.12 and -58.13 (1981). Dr. Harmon's use of the word "could" is significantly weaker than a "probably" with respect to a penis being the cause of Selena's injuries. *State v. Atkinson*, 278 N.C. 168, 179 S.E. 2d 410, *death sentence vacated*, 403 U.S. 948 (1971). He did not testify that the child had been raped, nor that defendant raped her. He did offer the quite proper opinion that she had been penetrated and that her internal injuries had been caused thereby. *State v. Starnes*, 308 N.C. 720, 304 S.E. 2d 226 (1983); *State v. Galloway*, 304 N.C. 485, 284 S.E. 2d 509 (1981); *State v. Hunter*, 299 N.C. 29, 261 S.E. 2d 189 (1980).

[6]   We next consider the defendant's argument that four-year-old Selena McDonald should not have been found competent to testify in this case. The record contains twenty-five pages of voir dire examination of Selena by Judge Johnson, the assistant district attorney, and the public defender. Based thereon, the trial court ruled that the child was competent to testify in this matter. We find no error in this ruling.

It is true that Selena was only three years old when she was abducted and four years old at the time of trial. It is also true that certain of her answers during the voir dire were as vague, even nonsensical, as one might expect from a little child of such tender years. "The test of competency is not age but capacity to understand and relate under the obligation of an oath a fact or facts which will assist the jury in determining the truth with respect to the ultimate facts which it will be called upon to decide." *Artesani v. Gritton,* 252 N.C. 463, 466, 113 S.E. 2d 895, 897 (1960). The competency of a witness to testify is a matter resting within the sound discretion of the trial judge. The record of this trial discloses that the court inquired into the child's intelligence and understanding and admitted her testimony upon evidence which supports his conclusion of competency. We will not disturb this discretionary action of the trial court. *See State v. Bowden,* 272 N.C. 481, 158 S.E. 2d 493 (1968); *McCurdy v. Ashley,* 259 N.C. 619, 131 S.E. 2d 321 (1963); *State v. Gibson,* 221 N.C. 252, 20 S.E. 2d 51 (1942).

[7]   Defendant next argues that the trial court committed error by allowing Selena McDonald to testify without having her sworn as a witness.

This Court held in *State v. Dixon,* 185 N.C. 727, 117 S.E. 170 (1923), that in a criminal prosecution the defendant is entitled to have the testimony offered against him given under the sanction of an oath. This is a part of his constitutional right of confrontation. N.C. Const. art. I, § 23. Lawful oaths for the discovery of truth and establishment of right are necessary for good government. N.C. Gen. Stat. § 11-1 (1981). Every witness in a criminal prosecution must be sworn in accordance with the statute. *State v. Davis,* 69 N.C. 383 (1873). Sound as these rules of law are, they do not provide this defendant with relief. He did not object to Selena's being allowed to testify without being sworn as a wit-

ness. This failure to object is fatal to defendant's argument. This Court resolved this precise question in *State v. Gee*, 92 N.C. 756 (1885). In *Gee*, a witness testified for the state without being sworn. No objection was made by defendant. After a verdict of guilty, defendant made a motion for a new trial based upon the witness's testifying without being sworn. This Court found no error. The Court stated that *Gee* was a case of first impression and held that the failure to object constituted a waiver. If an objection had been made, the trial court could have corrected the oversight by putting the witness under oath and allowing him to redeliver his testimony, if necessary. The Court in *Gee* further stated that it would be detrimental to public justice to allow a defendant to remain silent, awaiting the chances of an acquittal, and, if disappointed in the result, fall back upon a reserved objection. Although *Gee* is ninety-nine years old, we find no reason to depart from its wisdom.

This is not a case calling for this Court to consider application of the "plain error rule," defendant's arguments to the contrary notwithstanding. Neither the trial judge's examination of Selena McDonald nor the absence of an oath was such "plain error" as would have had a probable impact on the jury's finding in this case. *See State v. Black, supra,* 308 N.C. 736, 303 S.E. 2d 804; *State v. Odom,* 307 N.C. 655, 300 S.E. 2d 375 (1983).

The defendant's next two assignments of error have to do with the trial judge's refusal to instruct the jury (1) that the state must prove defendant's guilt "beyond *all* reasonable doubt"; (2) that evidence of defendant's presence at or near the scene of the crime "may not be considered as proof that the defendant in fact committed the crime"; and (3) that the state must prove beyond a reasonable doubt the identity of the defendant as the perpetrator of the crime. With respect to (1) above, defendant cites no authority for the requested substitution of the word "all" for the standard "a" in the pattern jury instructions. We are in no way persuaded that the trial court erred in refusing to so alter the proper instruction. The trial court did agree to instruct, with respect to (2) and (3) above, that: "a person is not guilty of a crime merely because he is present at the scene or near the scene." Given the fact that the evidence in this case has established more than defendant's mere presence at or near the scene of these events, we find no error in the court's refusal to extend the in-

struction as requested. We need analyze defendant's arguments no further as we overrule these assignments of error.

Defendant's remaining assignments of error concern (1) the trial court's failure to include in his summary of the evidence the fact that Selena McDonald had never testified with regard to having engaged in vaginal intercourse; and (2) the trial court's refusal to grant defendant's motion for a new trial. These issues have been resolved in our foregoing analysis of the proper disposition of this case.

We, therefore, leave the verdict in this case undisturbed but recognize it as a verdict of guilty of the lesser included offense of an attempt to commit rape in the first degree. The judgment imposed upon the verdict of guilty of rape in the first degree is vacated, and the cause is remanded to the Superior Court, Cumberland County, for resentencing upon the verdict of guilty of an attempt to commit rape in the first degree.

Judgment vacated and case remanded for resentencing.