STATE OF NORTH CAROLINA
v.
GEORGE LEE DURHAM, JR.
No. COA09-78
Court of Appeals of North Carolina.
Filed: July 7, 2009.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Tenisha S. Jacobs, for the State
Don Willey, for defendant-appellant.
ELMORE, Judge.
On 24 March 2008, defendant George Lee Durham, Jr. was indicted on charges of breaking or entering and larceny after breaking or entering. The case was tried at the 8 September 2008 Criminal Session of Forsyth County Superior Court.
The facts relevant to defendant's appeal are as follows: John Allen Sullivan was the founder of Salem Sports, Incorporated (Salem Sports), and oversaw their daily operations. On 17 July 2007, Sullivan arrived for work at Salem Sports, and when he opened the door, "it almost fell off the hinges." Upon closer inspection, Sullivan discovered "pry marks" on the door and realized that "somebody had jimmied the door open." Sullivan soon found the back door to the warehouse open, and found "tire tracks and . . . where things had been dragged across a ditch to the tire tracks." Sullivan testified that two Honda portable generators were missing, with a value of "approximately $2,000 apiece." Sullivan further testified that as he investigated the matter further, he found that a pile of aluminum scrap metal was missing. Sullivan started looking at scrap yards to see if he could recover the missing scrap metal. Sullivan found the scrap metal at D.H. Griffin in Greensboro, North Carolina, and purchased the material back for $725.00. According to D.H. Griffin records, the scrap metal had been purchased from the defendant on 16 July 2007. Defendant, who was a former employee of Salem Sports, was convicted of breaking or entering and larceny after breaking or entering.
The trial court sentenced defendant to a term of nine to eleven months imprisonment for the breaking or entering conviction. The trial court sentenced defendant to an additional term of nine to eleven months imprisonment for the larceny conviction, but suspended the sentence and placed defendant on supervised probation for thirty-six months. Additionally, the trial court ordered that defendant make restitution to Salem Sports in the amount of $2,000.00 for each stolen generator; $700.00 to compensate Salem Sports for the cost of repurchasing the stolen scrap metal from D.H. Griffin; and $1,200.00 for damage to the building, for a total of $5,900.00.
Defendant's sole argument on appeal is that there was insufficient competent evidence to support the total amount of the restitution award. Defendant concedes that there was sufficient evidence to support part of the restitution award, namely, the $2,000.00 for each of the stolen generators, as well as the $700.00 spent to repurchase the scrap metal from D.H. Griffin. But defendant contends that there was no competent evidence to support the award of $1,200.00 for damage to the building. Defendant notes that during the sentencing hearing, the trial court did ask Sullivan whether the $1,200.00 total was correct, and Sullivan responded affirmatively. However, defendant asserts that Sullivan was not sworn or on the witness stand at that time, and thus his unsworn testimony should not be considered. Accordingly, defendant argues that the restitution award should be limited to $4,700.00.
After careful review of the record, briefs and contentions of the parties, we find no error. Initially, we note that a trial court's entry of an award of restitution is deemed to be preserved for appellate review even when defendant fails to object to the order specifically. See State v. Shelton, 167 N.C. App. 225, 233, 605 S.E.2d 228, 233 (2004)("While defendant did not specifically object to the trial court's entry of an award of restitution, this issue is deemed preserved for appellate review under N.C. Gen. Stat. § 15A-1446(d)(18)."); see also State v. Replogle, 181 N.C. App. 579, 584, 640 S.E.2d 757, 761 (2007); State v. Reynolds, 161 N.C. App. 144, 149, 587 S.E.2d 456, 460 (2003)).
On the merits, we conclude that sufficient competent evidence was presented to support the trial court's entire restitution award. Section 15A-1340.34 of the General Statutes authorizes the trial court to order restitution "for any injuries or damages arising directly and proximately out of the offense committed by the defendant." N.C. Gen. Stat. § 15A-1340.34(c) (2005). "A trial court's award of restitution must be supported by competent evidence in the record." State v. Clifton, 125 N.C. App. 471, 480, 481 S.E.2d 393, 399 (citing State v. Wilson, 340 N.C. 720, 459 S.E.2d 192 (1995); State v. Buchanan, 108 N.C. App. 338, 341, 423 S.E.2d 819, 821 (1992); State v. Daye, 78 N.C. App. 753, 756, 338 S.E.2d 557, 560, affirmed, 318 N.C. 502, 349 S.E.2d 576 (1986)), disc. review improvidently allowed, 347 N.C. 391, 493 S.E.2d 56 (1997).
Here, it appears that the victim impact statement was provided to the trial court during the sentencing hearing. Although the court referred to an "itemized" worksheet during the hearing as the restitution sheet, the record reveals that the victim impact statement, and not the restitution worksheet, was itemized. The trial court, in an apparent reference to the itemized victim impact statement, valued the damage to the building at $1,200.00. The trial court then asked Sullivan for confirmation that this amount was correct, and the transcript reveals that Sullivan, who was not on the witness stand at the time, nodded his head up and down.
Defendant contends that Sullivan's nod in the affirmative constituted incompetent, unsworn testimony, which was insufficient to support the restitution award. However, defendant never objected to Sullivan's unsworn testimony, and thus he has waived any argument concerning Sullivan's unsworn testimony for appellate review. State v. Hendricks, 138 N.C. App. 668, 671, 531 S.E.2d 896, 899 (2000)(citing State v. Robinson, 310 N.C. 530, 539-40, 313 S.E.2d 571, 577-78 (1984)). Moreover, we note that the requirement that a witness be sworn does not apply during sentencing hearings. Id. (citing N.C. Gen. Stat. § 15A-1334(b)("Formal rules of evidence do not apply at the hearing."); State v. Jackson, 302 N.C. 101, 111, 273 S.E.2d 666, 673 (1981)). Therefore, we conclude that the itemized victim impact statement, in combination with Sullivan's trial testimony describing the damage to the building, and Sullivan's concurrence with the trial court's $1,200.00 valuation of the damage, constitutes sufficient competent evidence to support the restitution award. See State v. Davis, 167 N.C. App. 770, 776, 607 S.E.2d 5, 10 (2005)("`[W]hen . . . there is some evidence as to the appropriate amount of restitution, the recommendation will not be overruled on appeal.'")(quoting State v. Hunt, 80 N.C. App. 190, 195, 341 S.E.2d 350, 354 (1986))(affirming restitution award for $180.00 when evidence indicated that victim had between $120.00 and $240.00 stolen from her pocketbook). Accordingly, we find no error.
No error.
Chief Judge MARTIN and Judge BRYANT concur.
Report per Rule 30(e).