STATE v. STOKES

[225 N.C. App. 483 (2013)]

STATE OF NORTH CAROLINA
v.
GEORGE VICTOR STOKES

No. COA12-810

Filed 5 February 2013

**1. Assault—deadly weapon with intent to kill—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of assault with a deadly weapon with intent to kill. When viewed in the light most favorable to the State, the evidence was sufficient to prove that defendant acted with the intent to kill when he fired a gun right beside the victim's head.

**2. Kidnapping—second-degree—motion to dismiss—sufficiency of evidence**

The trial court erred by denying defendant's motion to dismiss the charge of second-degree kidnapping. The State failed to offer sufficient evidence to prove removal. Further, neither party contended that the victim was ever confined or restrained. The case was remanded for a new sentencing hearing.

**3. Evidence—officer testimony—Newport cigarettes at defendant's house—relevancy—perpetrator of crime**

The trial court did not err in a possession of a firearm by a felon, second-degree kidnapping, assault with a deadly weapon with intent to kill, and robbery with a dangerous weapon case by allowing an officer to testify that he saw Newport cigarettes at defendant's house. The testimony was relevant because it tended to throw light upon whether defendant was the perpetrator of the crime.

Appeal by defendant from judgment entered 9 March 2012 by Judge Richard T. Brown in Hoke County Superior Court. Heard in the Court of Appeals 11 December 2012.

*Leslie C. Rawls for defendant.*

*Attorney General Roy Cooper, by Assistant Attorney General Alexandra M. Hightower, for the State.*

ELMORE, Judge.

George Victor Stokes (defendant) appeals from a judgment entered upon jury convictions of possession of a firearm by a felon, second-degree kidnapping, assault with a deadly weapon with intent to kill (AWDWIK), and robbery with a dangerous weapon. Defendant also pled guilty to having attained habitual felon status, and he was sentenced to two consecutive terms of 145 to 183 months imprisonment. After careful consideration, we conclude, in part, that defendant received a trial free from error, but we vacate the second-degree kidnapping conviction and remand for a new sentencing hearing.

On 21 April 2008, defendant and one other man entered a convenience store on Laurinburg Road in Hoke County. Wielding guns, they approached the clerk and demanded a pack of Newport cigarettes and money from the register. As the clerk reached under the counter to retrieve the cigarettes, defendant asked, "What you doing? What you doing under there?" and fired a shot beside the clerk's head.

After giving the men the cigarettes and money, defendant told the clerk to walk to the back of the store, but the clerk refused. Defendant then demanded the clerk to get into a car that was parked and waiting outside the store. The clerk began walking out from behind the counter, but he stopped after about five feet and refused to get in the car. Defendant and the other man then left the store and drove away.

Defendant was later arrested and charged with second-degree kidnapping, possession of a firearm by a felon, AWDWIK, attempted first-degree murder, robbery with a dangerous weapon, and habitual felon. He was convicted of all charges, except attempted first-degree murder, and was sentenced to two consecutive terms of 145 to 183 months imprisonment. Defendant now appeals.

## A. Motion to dismiss

Defendant first argues that the trial court erred in denying his motion to dismiss the AWDWIK and second-degree kidnapping charges, because the State's evidence was insufficient to show 1) that he had intent to kill and 2) that he confined, restrained, or removed the clerk. We disagree with defendant with regards to intent to kill, but agree with defendant that the State failed to prove removal.

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). " 'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential

element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.'" *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).

### i. Assault with a deadly weapon with intent to kill

**[1]** At issue first is whether the evidence was sufficient to prove that defendant had the intent to kill when he fired the gun. "[I]ntent to kill is a mental attitude, and ordinarily it must be proved, if proven at all, by circumstantial evidence, that is, by proving facts from which the fact sought to be proven may be reasonably inferred." *State v. Waring*, 364 N.C. 443, 501, 701 S.E.2d 615, 651 (2010) (quotations and citation omitted).

Here, the clerk testified that when he reached under the counter to grab the Newport cigarettes defendant said, "What you doing? What you doing under there?" The clerk further explained that defendant then "shot a round off right beside my head. The bullet flew by my head, hit the wall, and came on the other side and hit the cooler in front of me." According to the clerk, defendant's actions "[s]cared me to death. I thought he was going to kill me right then."

We conclude that when viewed in the light most favorable to the State, this evidence is sufficient to prove that defendant acted with the intent to kill. From the evidence, it may be reasonably inferred that defendant intended to kill the clerk when he fired a gun right beside his head.

### ii. Second-degree kidnapping

**[2]** At issue next is whether the evidence was sufficient to prove that defendant confined, restrained, or removed the clerk. Defendant argues that since the clerk did not comply with his requests to go to the back of the store or to the car, there was insufficient evidence of removal. Defendant directs our attention to *State v. Boyd*, where we held that "where the victim was moved a short distance of several feet, and was not transported from one room to another, the victim was not 'removed' within the meaning of our kidnapping statute." ___ N.C. App. ___, 714 S.E.2d 466, 472 (2011).

Here, the clerk testified:

> [defendant] was telling me, "Go to the back of the store. Go to the back of the store." And I didn't move. Then he said, "Get in the car. Get in the car." And I started walking, but I stopped because I said if I get in that car, he's going to kill me. So I just stayed there. I said, "I'm not getting in the car."

The clerk further testified that he never left the area of the store near the register and that, in response to defendant's command to "get in the car," he walked only "[a]bout five feet" before refusing to go further.

We agree with defendant, and conclude that the State failed to offer sufficient evidence to prove removal. Further, as neither party contends that the clerk was ever confined or restrained, we reverse defendant's second-degree kidnapping conviction and remand for a new sentencing hearing.

## B. Relevancy

[3] Defendant next argues that the trial court erred in allowing an officer to testify that he saw Newport cigarettes at defendant's house, because the evidence was not relevant. We disagree.

"[A] trial court's rulings on relevancy technically are not discretionary and therefore are not reviewed under the abuse of discretion standard applicable to Rule 403, [but] such rulings are given great deference on appeal." *State v. Wallace*, 104 N.C. App. 498, 502, 410 S.E.2d 226, 228 (1991) (citation omitted). "Evidence is relevant if it has any logical tendency, however slight, to prove a fact in issue in the case." *State v. Sloan*, 316 N.C. 714, 724, 343 S.E.2d 527, 533 (1986) (citations omitted). "[E]very circumstance that is calculated to throw any light upon the supposed crime is admissible. The weight of such evidence is for the jury." *State v. Whiteside*, 325 N.C. 389, 397, 383 S.E.2d 911, 915 (1989) (quotations and citations omitted).

Here, the clerk testified that the two men who robbed the store demanded Newport cigarettes. Later, an officer testified to finding Newport cigarettes at defendant's house. We conclude that this testimony was relevant, as it tended to throw light upon whether defendant was the perpetrator of the crime. As such, we do not agree that the trial court erred with regards to this issue.

> No error in part, vacated and remanded in part; new sentencing hearing.

Judges McGEE and HUNTER, Robert C. concur.