IN THE SUPREME COURT OF NORTH CAROLINA

No. 94PA13-2

FILED 11 APRIL 2014

STATE OF NORTH CAROLINA

v.

GEORGE VICTOR STOKES

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous unpublished decision of the Court of Appeals, ____N.C. App.____, 745 S.E.2d 375 (2013), vacating the judgment, entered 9 March 2012 by Judge Richard T. Brown in Superior Court, Hoke County, on defendant's conviction for second-degree kidnapping and remanding for resentencing following remand from the Supreme Court of North Carolina of the Court of Appeals' prior decision in this case, *State v. Stokes*, ____N.C. App.___, 738 S.E.2d 208 (2013). Heard in the Supreme Court on 17 February 2014.

> *Roy Cooper, Attorney General, by Kathleen N. Bolton, Assistant Attorney General, for the State-appellant.*
>
> *Leslie C. Rawls for defendant-appellee.*

NEWBY, Justice.

Today we examine the scope of an appellate court's review after it concludes that a defendant's conviction was not supported by sufficient evidence. When confronted with such a situation, our long-standing practice has been to determine

whether the evidence presented was sufficient to support a lesser included offense of the convicted crime. If so, we recognize the jury's verdict as a verdict of guilty to the lesser included offense. The Court of Appeals therefore erred by refusing to consider whether defendant's actions constituted the lesser included offense of attempted second-degree kidnapping after finding the evidence insufficient to support the jury's verdict of second-degree kidnapping. Because the State presented sufficient evidence that defendant's actions satisfied each element of attempted second-degree kidnapping, we reverse the decision of the Court of Appeals and remand for entry of judgment on the lesser offense.

On 21 April 2008, defendant and another unidentified man entered S&J Grocery in Bowmore, North Carolina, where Terry Parker worked as a clerk. Both men pointed guns at Parker and demanded cash and cigarettes. The man accompanying defendant took between $180 and $200 from the cash register. When Parker reached under the counter for the cigarettes, defendant fired his gun next to Parker's head. After Parker gave the men five or six cartons of cigarettes, defendant ordered Parker, at gunpoint, to "[g]o to the back of the store." Parker refused, believing defendant would kill him if he complied. Defendant then repeatedly demanded that Parker "[g]et in the car," which was parked outside the store and occupied by a third unidentified person. Parker walked from behind the counter toward the entrance, but stopped because he believed defendant would kill him if he got into the car. Defendant and the others then left the store, and Parker

notified police. Defendant was eventually apprehended and confessed to being present during the robbery "and that he fired a shot at the clerk."

As a result, defendant was convicted of second-degree kidnapping, possession of a firearm by a felon, assault with a deadly weapon with intent to kill, robbery with a dangerous weapon, and attaining the status of habitual felon. The jury did not consider a charge of attempted second-degree kidnapping. Defendant appealed, arguing, *inter alia*, that the State failed to introduce sufficient evidence of removal, an essential element of second-degree kidnapping. *State v. Stokes*, ___ N.C. App. ___, ___, 738 S.E.2d 208, 211 (2013). The Court of Appeals agreed and reversed defendant's second-degree kidnapping conviction. *Id.* at ___, 738 S.E.2d at 211. The State then petitioned this Court for discretionary review, asserting, *inter alia*, that the Court of Appeals erred by failing to remand the case for entry of judgment and sentencing on attempted second-degree kidnapping. We allowed the State's request by special order, in pertinent part, "for the limited purpose of remanding the matter to the Court of Appeals . . . for consideration of whether defendant's actions satisfy the elements of attempted kidnapping under N.C.G.S. § 15-170." On remand the Court of Appeals concluded:

> [W]e find a discussion of attempted second-degree kidnapping to be inappropriate here for the following reasons: 1) The State did not argue or attempt to prove attempted second-degree kidnapping at trial; 2) Likewise, the jury was not instructed on attempted second-degree kidnapping; 3) The State made no mention or argument of attempted second-degree kidnapping in

its appeal to this Court. Simply put, we conclude that this issue
was not advanced or preserved by the State for our review.

*State v. Stokes*, ___ N.C. App. ___, 745 S.E.2d 375, 2013 WL 2431157, at *3 (2013)
(unpublished). We then allowed the State's second petition for discretionary review
to determine if the Court of Appeals erred by failing to consider whether the State
presented sufficient evidence to support a conviction of attempted second-degree
kidnapping.

Under our Criminal Procedure Act, "[a] defendant who has entered a plea of
not guilty to a criminal charge, and who has been found guilty of a crime, is entitled
to appeal as a matter of right when final judgment has been entered." N.C.G.S. §
15A-1444(a) (2013). Upon a defendant's challenge to the sufficiency of evidence, we
review the record " 'in the light most favorable to the State, and the State receives
the benefit of every reasonable inference supported by that evidence.' " *State v.
Jones*, ___ N.C. ___, ___, ___ S.E.2d ___, ___, 2014 WL 895626, at *4 (Mar. 7, 2014)
(No. 527A12) (citations omitted). "If the appellate court finds that the evidence with
regard to a charge is insufficient as a matter of law, the judgment must be reversed
and the charge must be dismissed unless there is evidence to support a lesser
included offense. In that case the court *may* remand for trial on the lesser offense."
N.C.G.S. § 15A-1447(c) (2013) (emphasis added).

Since section 15A-1447 was enacted in 1977, our appellate courts have
repeatedly and consistently recognized a jury's verdict of guilty to a greater offense

that was founded upon insufficient evidence as a verdict of guilty to a lesser included offense when the evidence warranted such a charge. In *State v. Jolly*, 297 N.C. 121, 254 S.E.2d 1 (1979), for example, the jury convicted the defendant of first-degree burglary, which requires a finding that the dwelling entered was actually occupied at the time of the offense. *Id.* at 127, 254 S.E.2d at 5. Second-degree burglary, on the other hand, does not require a finding that the dwelling was occupied. *Id.* at 130, 254 S.E.2d at 7 ("[T]he sole distinction between the two degrees of burglary is the element of actual occupancy. Otherwise, the elements of the two offenses are identical." (citations omitted)). The evidence at trial showed that the victim's hotel room was unoccupied at the commencement of the offense, and we therefore found the evidence was insufficient to support a conviction for first-degree burglary. *Id.* at 129-30, 254 S.E.2d at 6-7. But, because the elements of both degrees of burglary are identical with the exception of occupation, we concluded that "in finding defendant guilty of first degree burglary, the jury necessarily had to find facts establishing the offense of burglary in the second degree." *Id.* at 130, 254 S.E.2d at 7. Thus, we determined "the verdict returned by the jury must be considered a verdict of guilty of burglary in the second degree" and remanded the case to the trial court for entry of judgment on that lesser charge. *Id.* ("Hence, leaving the verdict undisturbed but recognizing it for what it is, the judgment upon the verdict of guilty of first degree burglary is vacated and the cause

is remanded to the Superior Court of Cumberland County for pronouncement of a judgment as upon a verdict of guilty of burglary in the second degree.").

We applied this same reasoning in *State v. Barnette*, 304 N.C. 447, 284 S.E.2d 298 (1981). In *Barnette* we determined the jury's verdict of first-degree rape was founded upon insufficient evidence "on the alternative elements of deadly weapon and aiding and abetting," but held "that the verdict returned by the jury must be considered as a verdict of guilty of second degree rape." *Id.* at 466, 284 S.E.2d at 309 (citing *Jolly*, 297 N.C. at 130, 254 S.E.2d at 7). Consequently, we remanded the case to the trial court "with instructions to enter judgment on the lesser included offense." *Id.* at 470, 284 S.E.2d at 312.

We then cited our reasoning in *Jolly* and *Barnette* favorably again in *State v. Dawkins*, 305 N.C. 289, 287 S.E.2d 885 (1982). In *Dawkins* the jury found the defendant guilty of first-degree burglary on a theory that the defendant intended to commit a felony once inside the victim's home, specifically rape. We determined, however, that the State presented insufficient evidence of the defendant's intent to commit rape. *Id.* at 290, 287 S.E.2d at 887. Nevertheless, we concluded that

> [w]hen the jury found the defendant guilty of burglary, it necessarily found facts which would support a conviction of misdemeanor breaking and entering. . . . Therefore, because there is not sufficient evidence of intent to commit the felony of rape within [the victim's] house, we recognize the jury's verdict as a verdict of guilty of misdemeanor breaking and entering . . . .

*Id.* at 290-91, 287 S.E.2d at 887 (citing *Barnette*, 304 N.C. 447, 284 S.E.2d 298, and *Jolly*, 297 N.C. 121, 254 S.E.2d 1). As a result, we vacated the judgment upon the verdict of first-degree burglary and remanded the case for judgment upon a verdict of guilty of misdemeanor breaking and entering. *Id.*

Likewise, in *State v. Robinson*, 310 N.C. 530, 313 S.E.2d 571 (1984), we determined the State failed to present sufficient evidence of vaginal intercourse at the defendant's trial for first-degree rape. *Id.* at 533, 313 S.E.2d at 574. In that case we held "that by its verdict of guilty of rape the jury necessarily found beyond a reasonable doubt all of the elements of the lesser offense of attempt to commit rape," *id.* at 535, 313 S.E.2d at 575, and "recognize[d] it as a verdict of guilty of the lesser included offense of an attempt to commit rape in the first degree," *id.* at 541, 313 S.E.2d at 578. Thus, we ordered that "[t]he judgment imposed upon the verdict of guilty of rape in the first degree [be] vacated, and the cause . . . remanded to the Superior Court, Cumberland County, for resentencing upon the verdict of guilty of an attempt to commit rape in the first degree." *Id.*

Despite this significant precedent, defendant argues our Rules of Appellate Procedure prevented the Court of Appeals, and now this Court, from considering whether defendant's actions satisfied the elements of attempted second-degree kidnapping in this case. Although defendant acknowledges that the State was initially the appellee at the Court of Appeals, defendant points to Rule 28(b)(7),

which mandates that an appellant's brief "contain . . . [a] short conclusion stating the precise relief sought." N.C. R. App. P. 28(b)(7). According to defendant, that provision when read with subsection 28(c), allowing appellees to present alternate grounds to affirm, requires the State to request that the Court of Appeals remand for judgment on a lesser included offense upon finding the evidence insufficient to sustain a jury's verdict of the greater offense. *Id*. at R. 28(c) ("Without taking an appeal, an appellee may present issues on appeal based on any action or omission of the trial court that deprived the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken."). Because the State did not argue for a conviction of attempted second-degree kidnapping at the end of trial or in its first brief at the Court of Appeals, defendant asserts that the State is precluded from doing so now. In other words, defendant believes for this Court to invoke the reasoning we employed in *Jolly*, *Robinson*, *Barnette*, and *Dawkins*, the State must present an alternative argument that if the Court finds the evidence for a conviction lacking, then we are to consider lesser included offenses.

While we agree it would be better practice for the State to present such an alternative argument, we have not, however, historically imposed this requirement. In both *Robinson* and *Barnette*, and also arguably in *Jolly*, the State as the appellee never requested in the alternative that we consider the evidence of a lesser included offense. The Court did so *ex mero motu*. Similarly to the cases previously

mentioned, in *State v. Freeman*, 307 N.C. 445, 298 S.E.2d 376 (1983), we determined that the defendant's conviction for first-degree burglary was based on insufficient evidence of intent to commit rape once inside the victim's home. *Id.* at 449, 298 S.E.2d at 379. We held "that by finding the defendant guilty of burglary, the jury 'necessarily found facts which would support a conviction of misdemeanor breaking and entering' " and remanded the case for entry of judgment on misdemeanor breaking and entering. *Id.* at 451, 298 S.E.2d at 380 (quoting *Dawkins*, 305 N.C. at 291, 287 S.E.2d at 887). In *Freeman*, as in the case before us now, the jury never considered the lesser included offense; the State never raised the issue at trial; and the State, as the appellee, made no alternative argument on appeal.

Our analysis is further aided by cases in which the trial court's charge to the jury lacked an essential element of the convicted offense. When the actual instructions given are sufficient to sustain a conviction on a lesser included offense, we consider the conviction a verdict on the lesser charge and then remand for appropriate sentencing. For instance, in *State v. Gooch*, 307 N.C. 253, 297 S.E.2d 599 (1982), the defendant was found guilty of possession of more than one ounce of marijuana, but the trial court failed to instruct on the essential element of "[p]ossession of *more than one* ounce." *Id.* at 256, 297 S.E.2d at 601. Though the State never argued for a lesser included offense at trial or at the Court of Appeals or before this Court, we determined that "[i]n failing to submit the amount

requirement . . . the trial court essentially submitted to the jury the offense of simple possession of marijuana, and the jury convicted defendant of that offense." *Id.* at 257, 297 S.E.2d at 602 (internal citation omitted). We concluded that the "defendant [was] not, however, entitled to a new trial," *id.*, and "the verdict the jury returned must be considered a verdict of guilty of simple possession of marijuana," 307 N.C. at 258, 297 S.E.2d at 602 (citation omitted). Acting *ex mero motu*, we "le[ft] the verdict undisturbed but recognize[d] it as a verdict of guilty of the lesser included offense of simple possession" and remanded "for resentencing as upon a verdict of guilty of simple possession of marijuana." *Id.* (citing *Barnette*, 304 N.C. at 468-70, 284 S.E.2d at 311, and *Jolly*, 297 N.C. at 130, 254 S.E.2d at 7). Similarly, in *State v. Corley*, 310 N.C. 40, 311 S.E.2d 540 (1984), the jury convicted the defendant of, *inter alia*, first-degree kidnapping, but the trial court failed to instruct the jury that an essential element of the charged crime is "that the victim either was not released in a safe place or had been seriously injured or sexually assaulted." *Id.* at 55, 311 S.E.2d at 549 (citations and internal quotation marks omitted). The State never requested in the alternative that the trial court or this Court consider the lesser included offense of second-degree kidnapping. We concluded:

> The defendant is not, however, entitled to a new trial. In failing to submit the essential element of kidnapping in the first degree set forth in subsection (b) of G.S. 14-39, the trial court essentially submitted to the jury the offense of kidnapping in the second degree. In finding the defendant guilty of kidnapping in the first degree, the jury necessarily found facts establishing the offense of kidnapping in the second degree. The jury's verdict

will be considered a verdict of guilty of kidnapping in the second degree. We, therefore, leave the verdict undisturbed but recognize it as a verdict of guilty of the lesser included offense of kidnapping in the second degree, vacate the judgment imposed upon the verdict of guilty of kidnapping in the first degree and remand the case to the Superior Court, Buncombe County, for judgment and resentencing as upon a verdict of guilty of kidnapping in the second degree.

*Id.* (citing *Gooch*, 307 N.C. at 257-58, 297 S.E.2d at 602).

When acting as an appellee, the State should bring alternative arguments to the appellate court's attention, and we strongly encourage the State to do so. Nonetheless, we are bound to follow our long-standing, consistent precedent of acting *ex mero motu* to recognize a verdict of guilty of a crime based upon insufficient evidence as a verdict of guilty of a lesser included offense. Hence, the Court of Appeals incorrectly refused to consider whether defendant's actions constituted attempted second-degree kidnapping.

We address that issue now and first turn to section 15-170 of our General Statutes, which states that a defendant indicted for a crime "may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime." N.C.G.S. § 15-170 (2013). An attempt occurs when a defendant forms the "intent to commit the substantive offense" and performs "an overt act done for that purpose which goes beyond mere preparation," but fails to complete all elements of

the substantive offense. *State v. Miller*, 344 N.C. 658, 667, 477 S.E.2d 915, 921 (1996) (citations omitted).

Section 14-39 of our General Statutes defines kidnapping and provides in pertinent part:

> (a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person, . . . shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:
>
> . . . .
>
> (2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony . . . .

N.C.G.S. § 14-39 (2013). To avoid constitutional violations related to double jeopardy, the confinement, restraint, or removal element "require[s] a removal separate and apart from that which is an inherent, inevitable part of the commission of another felony." *State v. Irwin*, 304 N.C. 93, 103, 282 S.E.2d 439, 446 (1981). "If the restraint is an inherent, inevitable element of a joined armed robbery, then no separately punishable offense of kidnapping can exist." *State v. Johnson*, 337 N.C. 212, 221, 446 S.E.2d 92, 98 (1994) (citing, *inter alia*, *Irwin*, 304 N.C. at 102, 282 S.E.2d at 446). When we consider whether kidnapping and armed robbery charges may be sustained simultaneously, we look to whether the victim was " 'exposed to greater danger than that inherent in the' " commission of the underlying felony or whether the victim was " 'subjected to the kind of danger and

abuse the kidnapping statute was designed to prevent.' " *State v. Tucker*, 317 N.C. 532, 535-36, 346 S.E.2d 417, 419 (1986) (quoting *Irwin*, 304 N.C. at 103, 292 S.E.2d at 446). Second-degree kidnapping occurs "[i]f the person kidnapped was released in a safe place by the defendant and had not been seriously injured or sexually assaulted"; otherwise, the elements are the same as for first-degree kidnapping. N.C.G.S. § 14-39(b).

Defendant argues the evidence fails to indicate that he attempted to move Parker apart from that movement necessary in the commission of the armed robbery. According to defendant, "both directives for Parker to move were part and parcel of the underlying, ongoing robbery, not separate kidnapping attempts," and convictions for both offenses would constitute double jeopardy. We disagree.

Defendant ordered Parker at gunpoint to the back of the store and then into an awaiting automobile *outside* the store *after* stealing the cigarettes and money, the only two items defendant demanded during the robbery. At this point defendant was attempting to flee the scene of the crime. The armed robbery was complete, and defendant's attempted removal of Parker therefore cannot be considered inherent to that crime. By ordering Parker into an awaiting automobile after completing the armed robbery, defendant attempted to place Parker in danger greater than that inherent in the underlying felony. *See Johnson*, 337 N.C. at 221, 446 S.E.2d at 98 ("The key question is whether the victim is exposed to greater

danger than that inherent in the armed robbery itself or 'subjected to the kind of danger and abuse the kidnapping statute was designed to prevent.' " (quoting *Irwin*, 304 N.C. at 103, 282 S.E.2d at 446)).

Thus, we hold that convictions for both attempted second-degree kidnapping and armed robbery in this case are not inconsistent with our constitutional prohibitions against double jeopardy. *E.g.*, *State v. Boyce*, 361 N.C. 670, 674, 651 S.E.2d 879, 882 (2007) ("This restraint and removal was a distinct criminal transaction that facilitated the accompanying felony offense and was sufficient to constitute the separate crime of kidnapping under North Carolina law." (citation omitted)). When the evidence is viewed in the light most favorable to the State, defendant attempted to move Parker for the purpose of "[f]acilitating the commission of any felony or facilitating flight of any person following the commission of a felony." N.C.G.S. § 14-39(a)(2). Consequently, we conclude that the State presented sufficient evidence of attempted removal to sustain a conviction of attempted second-degree kidnapping.

By finding defendant guilty of second-degree kidnapping, the jury necessarily found beyond a reasonable doubt all the elements of the lesser included offense of attempted second-degree kidnapping. We leave the verdict undisturbed, but recognize it as a verdict of guilty of the lesser included offense. The decision of the Court of Appeals is reversed, and we remand this case to that court for further

remand to the trial court for resentencing upon a verdict of guilty of attempted second-degree kidnapping.

REVERSED AND REMANDED.