STATE v. BELL

[166 N.C. App. 261 (2004)]

———————————

STATE OF NORTH CAROLINA v. ROY JACOB BELL

No. COA03-1382

(Filed 7 September 2004)

**1. Kidnapping— first-degree—variance between indictment and charge—conflicting evidence—plain error**

There was plain error where defendant was indicted for first-degree kidnapping based on confinement and restraint but not removal, the jury was instructed on first-degree kidnapping

on restraint or removal, and the verdict did not indicate the theory on which the conviction was based. Such a variance between the indictment and charge constitutes error; whether it is plain error depends upon the nature of the evidence at trial. In this case, the evidence on the theories of restraint and removal was conflicting.

**2. Sentencing— prior record level—evidence sufficient**

There was no error in a defendant's sentencing where he contended that the State failed to prove his prior record level, but the State submitted a worksheet and both defendant and his counsel made statements which constitute stipulations. Moreover, defendant as the appellant had the burden of including a copy of the worksheet and failed to do so; the trial judge will be assumed to have correctly applied the law where the record is devoid of any indication otherwise.

Appeal by defendant from judgment entered 2 June 2003 by Judge William Z. Wood, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 9 June 2004.

*Roy Cooper, Attorney General, by Harriet F. Worley, Assistant Attorney General, for the State.*

*Russell J. Hollers III, for defendant-appellant.*

STEELMAN, Judge.

Defendant, Roy Jacob Bell, was indicted for assault with a deadly weapon with intent to kill inflicting serious injury, robbery with a dangerous weapon, and first-degree kidnapping. On 30 May 2003, a jury found defendant guilty of assault with a deadly weapon inflicting serious injury, robbery with a dangerous weapon, and first degree kidnapping. The trial court sentenced defendant to consecutive active sentences of 42 to 60 months on the assault charge, 107 to 138 months on the robbery charge, and 121 to 155 months on the kidnapping charge.

The State's evidence at trial tended to show: On 28 October 2002, Johnny Clyburn was driving defendant home when defendant asked for a beer. Mr. Clyburn stopped by his own home and invited defendant in for a beer. Once inside, defendant asked Mr. Clyburn for some money. After defendant's request was denied, he "lost it" and began beating Mr. Clyburn. Mr. Clyburn testified the assault commenced in

the den and he lost consciousness. Mr. Clyburn testified that he awoke in his bedroom, with his hands and feet bound.

Defendant brings forward two assignments of error: (1) the trial court committed plain error in instructing the jury on a theory of kidnapping not included in the indictment; and (2) the trial court erred in sentencing defendant as a Level V offender. We reverse in part and affirm in part.

[1] In his first assignment of error defendant contends the trial judge committed plain error in instructing the jury on a theory of kidnapping not charged in the indictment. Since defendant failed to object to the kidnapping instructions at trial, we must consider whether the instructions given amount to plain error. N.C. R. App. P. 10(c)(4).

The plain error rule only applies rarely, in truly exceptional cases. *State v. Odom*, 307 N.C. 655, 660-61, 300 S.E.2d 375, 378 (1983). To constitute plain error, defendant must convince the appellate court that absent the error, the jury probably would have reached a different verdict. *Id.* at 661, 300 S.E.2d at 379.

N.C. Gen. Stat. § 14-39 sets forth the elements of the felony of kidnapping. Section (a) enumerates three separate bases for kidnapping: confinement, restraint, or removal. N.C. Gen. Stat. § 14-39(a) (2003). The indictment against defendant in this case alleged both confinement and restraint, but did not allege removal. In instructing the jury on the charge of kidnapping and the lesser-included offense of first-degree kidnapping, the trial judge told the jury they could convict defendant on the theory of either restraint or removal. The jury verdict shows that defendant was found guilty of first-degree kidnapping, but does not indicate whether this was based upon the theory of restraint or removal. Our Supreme Court has held that such a variance between the indictment and the jury charge constitutes error. *State v. Tucker*, 317 N.C. 532, 537-38, 346 S.E.2d 417, 420 (1986). Whether this error constitutes plain error depends on the nature of the evidence introduced at trial. *See id.* at 539, 346 S.E.2d at 421 (noting the appellate court must review the entire record in its determination of whether plain error occurred).

In *State v. Tucker*, the indictment charged kidnapping based upon the theory of removal, however the judge instructed the jury on the theory of restraint. *Id.* at 538, 346 S.E.2d at 421. Our Supreme Court held "[i]n light of the highly conflicting evidence . . . on the unlawful

removal and restraint issues . . ." the instructional error constituted plain error, and a new trial was warranted. *Id.* at 540, 346 S.E.2d at 422. In *State v. Lucas*, the indictment charged defendant with kidnapping based upon the theory of confinement and the judge instructed the jury on the theory of removal. 353 N.C. 568, 585-86, 548 S.E.2d 712, 724-25 (2001). Our Supreme Court held that "the evidence of confinement, restraint and removal was compelling" and found there to be no plain error. *Id.* at 588, 548 S.E.2d at 726. In *State v. Gainey*, the indictment charged on the theory of removal, but the judge instructed the jury on the theories of restraint and removal. *State v. Gainey*, 355 N.C. 73, 94, 558 S.E.2d 463, 477, *cert. denied*, 537 U.S. 896, 154 L. Ed. 2d 165 (2002). Our Supreme Court held that "[t]he evidence in the case *sub judice* is not highly conflicting," and found there to be no plain error. *Id.* at 94-95, 558 S.E.2d at 477-78. It was also noted that defendant admitted to the confinement, restraint, and removal of the victim. *Id.* at 94-95, 558 S.E.2d at 477. Finally, in *State v. Smith*, the indictment charged on the theory of removal and the judge instructed the jury on the theories of confinement, restraint, and removal. 162 N.C. App. 46, 50, 589 S.E.2d 739, 742 (2004). This Court held that the evidence was "highly conflicting with respect to the theory alleged in the indictment[,]" found there to be plain error, and directed that the defendant receive a new trial. *Id.* at 53, 589 S.E.2d at 744.

The evidence in the instant case was highly conflicting. While there was no dispute that defendant assaulted Mr. Clyburn, the only witnesses to these events were Mr. Clyburn and defendant. Mr. Clyburn testified at trial that defendant attacked him in the den and he passed out. Mr. Clyburn then testified that he awoke in his bedroom with defendant standing over him and his hands and legs were bound. On the night of the assault, Mr. Clyburn gave a statement to Officer Legrand of the Greensboro Police Department. Mr. Clyburn told the officer that he fell asleep while talking with defendant and when he woke up had been beaten and bound. On 4 November 2002, Mr. Clyburn gave a statement to Detective Solomon, also of the Greensboro Police Department. Detective Solomon testified Mr. Clyburn had a "hard time sometimes getting his facts straight." (T. 184). Mr. Clyburn told Detective Solomon: "Roy tied my hands quietly in front of me with an iron cord. Roy then got an extension cord and tied my feet together while I was still standing." Defendant then beat Mr. Clyburn into unconsciousness. When Mr. Clyburn awoke he was in the bedroom and not in the den.

Defendant acknowledged beating Mr. Clyburn, but denied tying him up. Defendant's testimony was that the entire incident took place in Mr. Clyburn's den. A crime scene technician with the Greensboro Police Department testified that there was considerable blood spatter in the den, but the only blood found in the bedroom was found on two pieces of bloody clothing worn by Mr. Clyburn. There were also signs of a struggle in the den.

Given the sharply conflicting nature of the evidence in this case on the theories of restraint and removal, we find this case is controlled by the decisions in *Tucker* and *Smith*, rather than those in *Lucas* and *Gainey*. We hold the instructional error of the trial court constitutes plain error and that defendant is entitled to a new trial on the kidnapping charge.

[2] In his second assignment of error, defendant contends the State failed to prove defendant's prior record level, and under the rationale of *State v. Hanton*, 140 N.C. App. 679, 540 S.E.2d 376 (2000), defendant is entitled to a new sentencing hearing on all charges. We disagree.

Under the provisions of N.C. Gen. Stat. § 15A-1340.14(f) the State bears the burden of proving defendant's prior convictions by a preponderance of the evidence. The State may meet this burden in one of four ways: (1) stipulation of the parties; (2) submission of an original or a copy of the court record of the prior convictions; (3) submission of a copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or the Administrative Office of the Courts; or (4) by any other method the court finds to be reliable. N.C. Gen. Stat. § 15A-1340.14(f) (2003). The submission of a prior record level worksheet (AOC form CR-600) without further proof of a defendant's convictions, does not meet the requirements of N.C. Gen. Stat. § 15A-1340.14(f). *State v. Riley*, 159 N.C. App. 546, 557, 583 S.E.2d 379, 387 (2003). *See also State v. Morgan*, 164 N.C. App. 298, 595 S.E.2d 804 (2004); *State v. Hanton* 140 N.C. App. at 689, 540 S.E.2d at 382.

In this case, the transcript of the sentencing hearing reveals that the State submitted a worksheet showing common law robbery convictions in 1982, 1985, 1987, and a misdemeanor larceny conviction in 1983, in addition to convictions that defendant admitted while on the witness stand during examination by his own counsel. After being afforded an opportunity to review the convictions with his client, defense counsel stated: "I think his record shows prior convictions

for common law robbery but nothing of the nature of armed robbery or kidnapping."

We hold that this constituted a stipulation as to the common law robbery convictions under *State v. Eubanks*, 151 N.C. App. 499, 565 S.E.2d 738 (2002). These three convictions amount to twelve record level points. *See* N.C. Gen. Stat. § 14-87.1 (2003); N.C. Gen. Stat. § 15A-1340.14(b)(3) (2003). Further, we hold that defendant's own testimony as to his other convictions during the trial of the case constituted a stipulation as to these convictions under N.C. Gen. Stat. § 15A-1340.14(f)(1) and (f)(4). At the sentencing hearing the trial judge specifically inquired concerning defendant's record "in addition to the offenses to which the defendant admitted to on the stand." The record defendant admitted to included three convictions of driving while impaired; *see* N.C. Gen. Stat. § 20-138.1 (2003); and one conviction of misdemeanor larceny; *see* N.C. Gen. Stat. § 14-72 (2003). Each of these offenses carries one record point for a total of four points. *See* N.C. Gen. Stat. § 15A-1340.14(b)(5) (2003). Taken together with the twelve points from the three common law robbery convictions, there were more than enough convictions proven to constitute the fifteen points necessary for the trial court to have found defendant to be a prior record Level V.

We also note that the record on appeal does not contain the record level worksheet. As the appellant, the burden is on defendant to include a copy of the record level worksheet as it pertains to an determination by the trial court from which the appeal is taken. *See State v. Phillips*, 149 N.C. App. 310, 313-14, 560 S.E.2d 852, 855 (2002); N.C. R. App. P. 9(a)(3)(g). *See also State v. Burney*, 302 N.C. 529, 533, 276 S.E.2d 693, 695 (1981) (noting "[i]t is incumbent upon the appellant to ensure that the record is properly made up and transferred to the court"). The purpose of this is to better facilitate our review of the assignments of error before us. "This Court is bound by the record before it," and where the record is void of anything indicating otherwise, we will assume the trial judge correctly applied the law and ruled appropriately. *State v. Williams*, 304 N.C. 394, 415, 284 S.E.2d 437, 451 (1981), *cert. denied*, 456 U.S. 932, 72 L. Ed. 2d 450 (1982).

For the reasons discussed herein, we find the trial court erred and grant defendant a new trial on the kidnapping charge. As to defendant's second assignment of error, we find no error.

NEW TRIAL as to kidnapping charge;

NO ERROR as to the convictions for assault with a dangerous weapon inflicting serious injury and robbery with a dangerous weapon.

Judges TYSON and BRYANT concur.