IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-71

 No. COA20-177

 Filed 16 March 2021

 Pasquotank County, No. 17 CRS 51817, 51821

 STATE OF NORTH CAROLINA

 v.

 RODNEY STOKLEY, JR.

 Appeal by defendant from judgments entered 30 July 2019 by Judge Wayland

 J. Sermons, Jr. in Pasquotank County Superior Court. Heard in the Court of Appeals

 12 January 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Rajeev K.
 Premakumar, for the State.

 Richard J. Constanza for defendant-appellant.

 TYSON, Judge.

¶1 Rodney Stokley, Jr. (“Defendant”) appeals from judgments entered after a jury

 returned verdicts finding him guilty of assault with a deadly weapon inflicting serious

 injury, robbery with a dangerous weapon, and second-degree kidnapping. Defendant

 seeks this Court’s review of the ruling on his motion to dismiss the charge of second-

 degree kidnapping, and to award a new trial for unpreserved plain error in the jury

 instructions. We find no error.
 STATE V. STOKLEY

 2021-NCCOA-71

 Opinion of the Court

 I. Background

¶2 Clinton Saunders (“Saunders”) was playing video games in his dark bedroom

 and was wearing noise-canceling headphones on 11 December 2017. Earlier that

 evening, Damon Williams (“Williams”), Rasheem Williams (“Rasheem”) and Rodney

 Stokley (“Defendant”) planned to rob Saunders’ roommate, Jordan Baeza (“Baeza”).

 As Saunders played video games, a tall, unidentified man, later identified as

 Defendant, came into Saunders’ room, brandished a gun, and motioned for him to

 move. Saunders walked to the living room, “assuming that is where I was supposed

 to go” with his hands up. Saunders testified, “[h]e told me to get on the ground, so I

 just laid face down.”

¶3 Saunders was not tied up or placed in restraints. He recalled two men were

 inside the house with him at the time. One man was already in the living room, and

 the other man was behind him, holding a gun. Nothing was taken or removed from

 Saunders at the time he was taken from his bedroom into the living room or

 immediately thereafter.

¶4 Soon after Saunders had laid onto the floor, Baeza entered the house from the

 garage and said, “D.J. what the hell?” Defendant was hovering over Saunders,

 pointing the gun at him, and then pointed the gun at Baeza. Defendant looked at

 Baeza and said, “What’s up, buddy?” and told Baeza to get onto the floor. Saunders
 STATE V. STOKLEY

 2021-NCCOA-71

 Opinion of the Court

 testified he heard one of the perpetrators say, “Where is it, where is it[?]” and heard

 footsteps walking around the house.

¶5 Saunders testified he heard Baeza tell the men that Saunders had nothing to

 do with this and to not hurt him. The perpetrators responded they would not harm

 Saunders. Initially, Baeza got onto the kitchen floor, but then attempted to escape.

 As he fled, Defendant shot Baeza in the back.

¶6 Saunders heard the gunshot, felt the heat from the discharge, and could “hear

 blood coming out.” Baeza testified Defendant spoke to him after he had shot him.

 While this was occurring, Baeza told the robbers where he kept his money. Williams

 began “ransacking” Baeza’s room and took his wallet. Someone rifled through

 Saunders’ pockets and took his cellphone. The intruders left the residence. Saunders

 realized Baeza had been shot and drove him to the hospital, where Baeza underwent

 several surgeries.

¶7 Police officers took initial statements from Baeza and Saunders at the hospital.

 In a later interview, Baeza told police it was Defendant, who had shot him. Baeza

 came to this conclusion after looking at Defendant’s Facebook social media page.

 Baeza testified he was “One-hundred percent” sure that Defendant had shot him.

¶8 Defendant was arrested on 2 January 2018 and charged with assault with a

 deadly weapon with intent to kill inflicting serious injury, robbery with a dangerous

 weapon, first-degree kidnapping, and second-degree kidnapping.
 STATE V. STOKLEY

 2021-NCCOA-71

 Opinion of the Court

¶9 The Pasquotank County Grand Jury returned true bills of indictment charging

 Defendant with the offenses listed above on 26 February 2018. The second-degree

 kidnapping indictment alleged Defendant “unlawfully, willfully, and feloniously did

 kidnap Clinton Saunders . . . by unlawfully confining him without his consent and for

 the purpose of facilitating the commission of a felony, Robbery with a Dangerous

 Weapon.”

¶ 10 Williams entered into a plea bargain with the State. He pled guilty to assault

 with a deadly weapon with intent to kill inflicting serious injury and was placed on

 supervised probation for 48 months. One condition of this probation required him to

 testify for the State at Defendant’s trial.

¶ 11 Williams testified his nickname is D.J. and that he had invited Rasheem to

 join him to “get some money” from Baeza. Rasheem then invited Defendant to join

 them. Williams knew both of these men prior to this event. He drove Rasheem and

 Defendant to Baeza’s home the night of the robbery. Williams testified he dropped

 Rasheem and Defendant off prior to entering Baeza’s driveway, “[b]ecause we were

 trying to find a way in” the house to “rob him.”

¶ 12 Defense counsel argued both kidnapping charges should be dismissed,

 contending the victims were not restrained to a degree over that inherent during the

 underlying robbery. The trial court dismissed the charge of first-degree kidnapping
 STATE V. STOKLEY

 2021-NCCOA-71

 Opinion of the Court

 related to Baeza but the trial court denied dismissing the second-degree kidnapping

 charge related to Saunders.

¶ 13 Defendant testified in his own defense. He denied having any involvement in

 the kidnapping, robbery and shooting. He asserted he was attending a memorial

 service for a deceased family member when the robbery and shooting occurred.

¶ 14 The trial court instructed the jury on second-degree kidnapping. The trial

 court did not instruct the jury on the confinement theory of kidnapping, as was

 alleged in the indictment. Defense counsel failed to raise an objection to this

 omission.

¶ 15 The jury found Defendant guilty of second-degree kidnapping, assault with a

 deadly weapon inflicting serious injury, and robbery with a dangerous weapon.

 Defense counsel moved to arrest judgment on the conviction for second-degree

 kidnapping of Saunders, and renewed the arguments previously made. The trial

 court denied the motion and proceeded to sentencing.

¶ 16 Defendant was sentenced to 29 to 47 months of imprisonment for assault with

 a deadly weapon inflicting serious injury and 73 to 100 months of imprisonment to

 run consecutively to the assault sentence for robbery with a dangerous weapon. For

 second-degree kidnapping, Defendant was sentenced to 29 to 47 months

 imprisonment, which was suspended, Defendant was placed on supervised probation

 for 36 months, to commence after he completed the terms of active imprisonment.
 STATE V. STOKLEY

 2021-NCCOA-71

 Opinion of the Court

 Defendant entered notice of appeal in open court.

 II. Jurisdiction

¶ 17 This Court possesses jurisdiction from an appeal from a final judgment

 entered in a criminal case following a jury’s return of guilty verdicts. N.C. Gen. Stat.

 § 7A-27(b) (2019).

 III. Issues

¶ 18 Defendant argues the trial court erred in denying his motion to dismiss the

 charge of second-degree kidnapping, after the State failed to show Saunders was

 subjected to restraint other than what was inherent in the underlying robbery.

 Defendant also argues, without objection and preservation, the trial court committed

 plain error when instructing the jury on second-degree kidnapping. He asserts the

 instructions allowed the jury to return a conviction based on theories other than what

 was alleged in the indictment.

 IV. Second-Degree Kidnapping

 A. Standard of Review

¶ 19 “This Court reviews the trial court’s denial of a motion to dismiss de novo.”

 State v. Smith, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). In evaluating the

 sufficiency of the evidence, the reviewing court examines the evidence in the light

 most favorable to the State, giving the State all reasonable inferences. State v.

 Fritsch, 351 N.C. 373, 378-79, 526 S.E.2d 451, 455 (2000). This Court must determine
 STATE V. STOKLEY

 2021-NCCOA-71

 Opinion of the Court

 whether substantial evidence supports each element of the offense and that the

 defendant committed the offense. State v. Jones, 110 N.C. App. 169, 177, 429 S.E.2d

 597, 602 (1993), disc. review denied, 336 N.C. 612, 447 S.E.2d 407 (1994). Substantial

 evidence is defined as evidence a reasonable mind might accept as adequate to form

 a conclusion. State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).

 B. Analysis

¶ 20 Defendant argues the conviction for second-degree kidnapping should be

 reversed because none of the actions supporting that offense were separate and apart

 from the accompanying robbery. Defendant asserts his actions amounted to a mere

 technical asportation of Saunders, who was not exposed to any greater danger than

 what occurred during the underlying robbery.

¶ 21 The State acknowledges, “[T]his is a very tangled area of the law. The Courts

 are all over the place.”

 [T]here is consistency in the Courts’ opinions where the
 evidence tended to show that a victim was bound and
 physically harmed by the robbers during the robbery.
 Clearly that type of restraint creates the kind of danger
 and abuse the kidnapping statute was designed to prevent.
 The case law does not provide a bright line rule for
 situations where a victim is merely ordered to move to
 another location while the robbery is taking place, but is
 not bound or physically harmed.

 State v. Payton, 198 N.C. App. 320, 327-28, 679 S.E.2d 502, 506-07 (2009) (internal

 citations and quotation marks omitted).
 STATE V. STOKLEY

 2021-NCCOA-71

 Opinion of the Court

¶ 22 Kidnapping in North Carolina is statutorily defined as:

 (a) Any person who shall unlawfully confine, restrain, or
 remove from one place to another, any other person 16
 years of age or over without the consent of such person, or
 any other person under the age of 16 years without the
 consent of a parent or legal custodian of such person, shall
 be guilty of kidnapping if such confinement, restraint or
 removal is for the purpose of:

 (1) Holding such other person for a ransom or as a hostage
 or using such other person as a shield; or

 (2) Facilitating the commission of any felony or facilitating
 flight of any person following the commission of a felony; or

 (3) Doing serious bodily harm to or terrorizing the person
 so confined, restrained or removed or any other person; or

 ...

 (b) There shall be two degrees of kidnapping as defined by
 subsection (a). If the person kidnapped either was not
 released by the defendant in a safe place or had been
 seriously injured or sexually assaulted, the offense is
 kidnapping in the first degree and is punishable as a Class
 C felony. If the person kidnapped was released in a safe
 place by the defendant and had not been seriously injured
 or sexually assaulted, the offense is kidnapping in the
 second degree and is punishable as a Class E felony.

 N.C. Gen. Stat. § 14-39(a)-(b) (2019).

 1. State v. Fulcher

¶ 23 Our Supreme Court announced the rule concerning prosecutions for

 kidnapping and other offenses that involve the victim being restrained to some degree
 STATE V. STOKLEY

 2021-NCCOA-71

 Opinion of the Court

 in State v. Fulcher:

 It is self-evident that certain felonies (e.g., forcible
 rape and armed robbery) cannot be committed without
 some restraint of the victim. G. S. 14-39 was not intended
 by the Legislature to make a restraint, which is an
 inherent, inevitable feature of such other felony, also
 kidnapping so as to permit the conviction and punishment
 of the defendant for both crimes. To hold otherwise would
 violate the constitutional prohibition against double
 jeopardy. . . . [W]e construe the word “restrain” . . . to
 connote a restraint separate and apart from that which is
 inherent in the commission of the other felony.

 State v. Fulcher, 294 N.C. 503, 523, 243 S.E.2d 338, 351 (1978) (Lake, Sr. J).

¶ 24 “Restraint or removal is inherently an element of some felonies, such as armed

 robbery.” State v. Raynor, 128 N.C. App. 244, 250, 495 S.E.2d 176, 180 (1998). In

 cases involving armed robbery, “the restraint, confinement or removal required of the

 crime of kidnapping, has to be something more than that restraint inherently

 necessary for the commission of [armed robbery].” Id. Consistent with the holding in

 Fulcher, our Supreme Court later added: “To permit separate and additional

 punishment where there has been only a technical asportation, inherent in the other

 offense perpetrated, would violate a defendant’s constitutional protection against

 double jeopardy.” State v. Irwin, 304 N.C. 93, 103, 282 S.E.2d 439, 446 (1981).

 2. State v. Boyce

¶ 25 The facts before us are similar to those in State v. Boyce, 361 N.C. 670, 651

 S.E.2d 879 (2007). In Boyce, the defendant forced his way into the victim’s house,
 STATE V. STOKLEY

 2021-NCCOA-71

 Opinion of the Court

 chased her through her home, and pulled her back into the house by her shirt as she

 tried to escape. The defendant threatened the victim at gunpoint and only left after

 she gave him a check for two hundred dollars. Our Supreme Court reiterated, “[w]hen

 . . . the kidnapping offense is a whole separate transaction, completed before the onset

 of the accompanying felony, conviction for both crimes is proper.” Id. at 673, 651

 S.E.2d at 881. Because the defendant prevented her escape, “[t]his restraint and

 removal was a distinct criminal transaction that facilitated the accompanying felony

 offense and was sufficient to constitute the separate crime of kidnapping under North

 Carolina law.” Id. at 674, 651 S.E.2d at 882.

 3. State v. Stokes

¶ 26 Our Supreme Court further explored double jeopardy issues in the context of

 a kidnapping and armed robbery prosecution in State v. Stokes, 367 N.C. 474, 756

 S.E.2d 32 (2014). The Court noted:

 When we consider whether kidnapping and armed robbery
 charges may be sustained simultaneously, we look to
 whether the victim was exposed to greater danger than that
 inherent in the commission of the underlying felony or
 whether the victim was subjected to the kind of danger and
 abuse the kidnapping statute was designed to prevent.

 Id. at 481, 756 S.E.2d at 37 (emphasis supplied) (citations and quotation marks

 omitted).

¶ 27 Here, Saunders was restrained and removed at gunpoint from one place to
 STATE V. STOKLEY

 2021-NCCOA-71

 Opinion of the Court

 another prior to the shooting and robbery of Baeza. His removal and restraint

 occurred to further the perpetrators’ goal of keeping Saunders and eventually Baeza

 in one location while they searched for money. Defendant continued to point a gun

 at Saunders and Baeza until he had shot Baeza and the robbers had finished

 ransacking the home. After the perpetrators searched the home, they stole Saunders’

 cellphone and Baeza’s wallet, and left Saunders to care for the wounded Baeza.

 Saunders’ asportation from one room to another room in his home occurred against

 his will at gunpoint, and the perpetrators did not take anything from Saunders at

 that time.

 4. State v. Payton

¶ 28 In Payton, the victims were subjected to a home-invasion burglary and armed

 robbery. 198 N.C. App. at 320, 679 S.E.2d at 502. One victim noticed her jewelry had

 be disturbed. Id. at 321, 679 S.E.2d at 503. The victims exited the bathroom and

 discovered three perpetrators walking toward them, and one was holding the victim’s

 kaleidoscope. Id. The victims were ordered into a bathroom, and immediately asked

 where money was kept. Id. The victims told the perpetrators they had money in the

 women’s purses downstairs. Id. Two robbers went to find their purses, while the third

 remained outside the bathroom door. Id. This Court reversed the defendant’s

 kidnapping convictions, finding the restraint and removal of the victims was “an

 inherent part of the robbery and did not expose the victims to a greater danger than
 STATE V. STOKLEY

 2021-NCCOA-71

 Opinion of the Court

 the robbery itself.” Id. at 328, 679 S.E.2d at 507.

¶ 29 Unlike the victims in Payton, Saunders was not immediately robbed when he

 was restrained and removed from one room to another at gunpoint. While Saunders

 was on the floor, Defendant continued to hold him at gunpoint, shot Baeza, and then

 rifled through Saunders’ pockets and robbed him of his cellphone. The gunshot was

 so close, Saunders testified he could feel the heat from the discharge and hear Baeza’s

 blood trickling. Saunders’ asportation had already occurred, he was confined,

 restrained, and his movements were restricted prior to and in a clear break apart

 from the armed robbery. The removal was distinct from his confinement in the living

 room, and Saunders was exposed to “greater danger” by the shooting of Baeza which

 took place prior to the armed robbery of Saunders’ cellphone and Baeza’s wallet.

 Stokes, 367 N.C. at 481, 756 S.E.2d at 37.

 V. Kidnapping: Reversed

¶ 30 “To permit separate and additional punishment where there has been only a

 technical asportation, inherent in the other offense perpetrated, would violate a

 defendant’s constitutional protection against double jeopardy.” State v. Irwin, 304

 N.C. 93, 103, 282 S.E.2d 439, 446 (1981).

¶ 31 In Irwin, the defendant was convicted of first-degree kidnapping after the

 State’s evidence supported a finding an accomplice forced one victim at knifepoint to

 walk from her position near the cash register to the back of the store. Id. During this
 STATE V. STOKLEY

 2021-NCCOA-71

 Opinion of the Court

 time, shots were fired at a second victim near the front of the store. The second victim

 died as a result of his injuries. Id. at 97, 282 S.E.2d at 443. The first victim was not

 touched or further restrained. Id. at 103, 282 S.E.2d at 446. Our Supreme Court held

 the “movement occurred in the main room of the store,” and the first victim’s “removal

 to the back of the store was an inherent and integral part of the attempted armed

 robbery.” Id. “To accomplish defendant’s objective of obtaining drugs it was necessary

 that [the victim] go to the back of the store to the prescription counter and open the

 safe.” Id. Our Supreme Court held the victim’s “removal was a mere technical

 asportation and insufficient to support conviction for a separate kidnapping offense.”

 Id.

¶ 32 The movement of the victim in Irwin was essential to the robbery because the

 victim was required to open the safe. Id. Unlike the case before us, the movement of

 Saunders was not inherent or essential to complete the robbery.

¶ 33 In State v. Ripley, the defendant and accomplices forced a motel clerk to return

 to the check-in counter while they, at gunpoint, added victims entering the motel by

 forcing them to lie upon the floor for the duration of the robbery. State v. Ripley, 360

 N.C. 333, 334-35, 626 S.E.2d 289, 290-91 (2006). Our Supreme Court held

 “defendant’s actions constituted only a mere technical asportation of the victims

 which was an inherent part of the commission of robbery with a dangerous weapon.”

 Id. at 341, 626 S.E.2d at 294 (internal quotations omitted).
 STATE V. STOKLEY

 2021-NCCOA-71

 Opinion of the Court

¶ 34 The facts in Ripley differ from the case before us. The victims in Ripley, were

 held at gunpoint in one room while the perpetrators attempted their robbery. Id. In

 this case, Saunders was alone in his dark bedroom and consumed in playing games

 with headphones, and Defendant forced him to move through the home into the living

 room at gunpoint. Saunders was further held at gunpoint while Defendant inquired

 about the money, shot Baeza, searched the house, and robbed both victims.

¶ 35 In Ripley, our Supreme Court recognized a victim exposed to a greater danger

 may support a separate kidnapping conviction, but that determination was

 “unnecessary” to its conclusion. Id. In contrast, Saunders was exposed to a greater

 danger by being in close proximity when Baeza was shot.

¶ 36 The trial court correctly denied Defendant’s motion to dismiss the second-

 degree kidnapping charge. We find no error in the Defendant’s conviction for second-

 degree kidnapping in addition to the conviction for robbery with a dangerous weapon.

 VI. Plain Error

 A. Standard of Review

¶ 37 Defense counsel failed to raise an objection to the omission of a jury

 instruction on “confinement.” Because Defendant did not object to the jury

 instructions, this Court reviews unpreserved instructional errors using the plain

 error standard of review. State v. Lawrence, 365 N.C. 506, 723 S.E.2d 326 (2012).

 Establishing plain error requires proof that the error was fundamental and had a
 STATE V. STOKLEY

 2021-NCCOA-71

 Opinion of the Court

 probable impact on the jury’s guilty verdict. State v. Odom, 307 N.C. 655, 660, 300

 S.E.2d 375, 378 (1983). For plain error to be found, it must be probable, not just

 possible, that absent the instructional error, the jury would have returned a different

 verdict. Lawrence, 365 N.C. at 518, 723 S.E.2d at 334.

 B. Analysis

 1. Disjunctive Factors

¶ 38 The second-degree kidnapping indictment alleged Defendant kidnapped

 Saunders by “unlawfully confining him” for the purpose of committing robbery with

 a dangerous weapon. The trial court instructed the jury that the Defendant would

 be guilty of second-degree kidnapping if they concluded:

 First, the defendant unlawfully restrained the
 person. That is, restricted his freedom of movement or
 removed a person from one place to another.

 Second, that the person did not consent to the
 restraint or removal. Consent induced by fraud or fear is
 not consent.

 Third, that the defendant removed or restrained
 that person for the purpose of facilitating his commission
 of the felony or robbery with a dangerous weapon.

 Fourth, that this restraint or removal was a
 separate and complete act, independent of and apart from
 the robbery with a dangerous weapon.

¶ 39 The first element of kidnapping requires the State to prove Defendant

 “confine[d], restrain[ed], or remove[d]” the victim. N.C. Gen. Stat. § 14-39(a). These
 STATE V. STOKLEY

 2021-NCCOA-71

 Opinion of the Court

 are discrete legal terms, having different meanings, and are stated disjunctively.

 “This Court has held that where a statute contains two clauses which prescribe its

 applicability, and the clauses are connected by a disjunctive (e.g. ‘or’), the application

 of the statute is not limited to cases falling within both classes, but will apply to cases

 falling within either of them.” State v. Small, 201 N.C. App. 331, 341, 689 S.E.2d 444,

 450 (2009) (alteration, citations and internal quotation marks omitted). Proof of

 either “confined,” “restrained,” or “removed,” satisfies the statute.

¶ 40 “As used in [N.C. Gen. Stat. §] 14-39, the term ‘confine’ connotes some form

 of imprisonment within a given area, such as a room, a house or a vehicle.” Fulcher,

 294 N.C. at 523, 243 S.E.2d at 351. “The term ‘restrain,’ while broad enough to

 include a restriction upon freedom of movement by confinement, connotes also such

 a restriction, by force, threat or fraud, without a confinement.” Id. Our Supreme

 Court further explains a victim, “by the threatened use of a deadly weapon, is

 restricted in his freedom of motion, is restrained within the meaning of this statute.”

 Id.

¶ 41 A removal requires some asportation of the victim, although a specific

 distance or duration is not required. Id. at 522, 243 S.E.2d at 351 (citations omitted).

 2. Indictment Differing from Jury Instructions

¶ 42 Defendant relies on State v. Bell to support his contention the indictment and

 jury instruction were in error. In Bell, the issue before this Court was whether the
 STATE V. STOKLEY

 2021-NCCOA-71

 Opinion of the Court

 trial court erred in a jury instruction that differed from the indictment.

 “The indictment against defendant . . . alleged both confinement and restraint, but

 did not allege removal.” State v. Bell, 166 N.C. App. 261, 263, 602 S.E.2d 13, 15 (2004).

 The trial court instructed the jury “they could convict defendant on the theory of

 either restraint or removal.” Id. The jury found the defendant guilty, but the verdict

 form did not indicate which theory the jury found. Id. “Our Supreme Court has held

 that such a variance between the indictment and the jury charge constitutes error.

 Whether this error constitutes plain error depends on the nature of the evidence

 introduced at trial.” Id. (citations omitted).

¶ 43 In Bell, this Court explained this error is highly fact sensitive and based on

 which theory is misrepresented and what the facts tend to show. Id. This Court

 explains further:

 In State v. Gainey, the indictment charged on the theory of
 removal, but the judge instructed the jury on the theories
 of restraint and removal. State v. Gainey, 355 N.C. 73, 94,
 558 S.E.2d 463, 477, cert. denied, 537 U.S. 896, 154 L.Ed.2d
 165 (2002). Our Supreme Court held that “[t]he evidence in
 the case sub judice is not highly conflicting,” and found
 there to be no plain error. Id. at 94-95, 558 S.E.2d at 477-
 78.

 Id. at 263-64, 602 S.E.2d at 15. In Bell, the evidence of how the victim was restrained

 or removed was highly disputed, and this Court held the instructional error

 constituted plain error. Id at 265, 602 S.E.3d at 16.
 STATE V. STOKLEY

 2021-NCCOA-71

 Opinion of the Court

¶ 44 The facts before us are similar to the facts in Gainey. Defendant was indicted

 under one theory and convicted of second-degree kidnapping after the jury received

 instructions on other theories, rather than just those alleged in the indictment.

¶ 45 The State presented evidence tending to show Saunders’ confinement,

 restraint and removal by Defendant. Defendant illegally entered Saunders’ home,

 entered his bedroom and motioned at gunpoint for Saunders to move from his

 bedroom to the living room. Defendant followed Saunders to the living room while

 still holding him under gunpoint. That action alone meets the statutory definition of

 “confine.” See Fulcher 294 N.C. at 523, 243 S.E.2d at 351. Defendant stood over

 Saunders with a gun pointed at him prior to and throughout the duration of the

 shooting of Baeza and the armed robbery of Saunders. This removal and restraint

 included all the meanings of confine. Id.

¶ 46 Defendant does not show a probability that a reasonable jury would have

 found Saunders was removed and restrained but was not confined. As noted above,

 “[t]he term ‘restrain’ while broad enough to include a restriction upon freedom of

 movement by confinement, connotes also such a restriction, by force, threat or fraud,

 without a confinement.” Id. (emphasis supplied).

¶ 47 Substantial evidence supports Defendant’s conviction for kidnapping under

 the theory of confinement, restraint, or removal. The trial court should have properly

 instructed the jury on confinement, but the failure to instruct on “confinement” under
 STATE V. STOKLEY

 2021-NCCOA-71

 Opinion of the Court

 these facts does not rise to the level of plain error. “We cannot conclude that had the

 trial court instructed the jury that the defendant had to ‘confine’ the victim to be

 guilty . . . this would have tilted the scales in favor of defendant.” Gainey, 355 N.C. at

 95, 558 S.E.2d at 478.

¶ 48 It is not probable that absent the instructional error, the jury would have

 returned a different verdict. Lawrence, 365 N.C. at 518, 723 S.E.2d at 334. Defendant

 has failed to show probability of a different result under plain error review in the jury

 instruction as given to award a new trial. “The evidence shows that defendant

 confined, restrained and removed the victim . . . there is no reasonable basis for us to

 conclude that any different combination of the terms ‘confine,’ ‘restrain’ or ‘remove’

 . . . would have altered the result.” Gainey, 355 N.C. at 95, 558 S.E.2d at 478.

 VII. Conclusion

¶ 49 The trial court correctly denied Defendant’s motion to dismiss the second-

 degree kidnapping charge. The jury properly concluded beyond a reasonable doubt

 that Saunders’ restraint was separate and distinct from the armed robbery, and that

 he was exposed to “greater danger” in addition to what occurred during the robbery

 from his person with a dangerous weapon. Stokes, 367 N.C. at 481, 756 S.E.2d at 37.

¶ 50 Defendant has failed to show plain error in the jury instruction to warrant a

 new trial. Defendant received a fair trial, free from prejudicial errors he preserved

 and argued. It is so ordered.
 STATE V. STOKLEY

 2021-NCCOA-71

 Opinion of the Court

NO ERROR.

Judge HAMPSON concurs.

Judge MURPHY concurs in result only.
 No. COA20-177 – State v. Stokley

 MURPHY, Judge, concurring in result only.

¶ 51 While I arrive at the same result as the Majority in upholding Defendant’s

 convictions for robbery with a dangerous weapon and second-degree kidnapping, I

 write separately to note my vehement disagreement with the Majority’s discussion of

 removal, restraint, and confinement that it relies on in holding “No Error.” 1 Supra

 at ¶ 49-50.

¶ 52 Kidnapping is defined in part as follows:

 (a) Any person who shall unlawfully confine, restrain, or
 remove from one place to another, any other person 16
 years of age or over without the consent of such person, or
 any other person under the age of 16 years without the
 consent of a parent or legal custodian of such person, shall
 be guilty of kidnapping if such confinement, restraint or
 removal is for the purpose of:

 ...

 (2) Facilitating the commission of any felony or facilitating
 flight of any person following the commission of a felony; .
 ..

 1 Under prior naming practices of this Court, I would have referred to my vote as

 “dissenting in part, and concurring in the judgment.” See Lippard v. Holleman, 844 S.E.2d
 591, 611 (N.C. App.) (McGee, C.J., concurring in part, dissenting in part, and concurring in
 the judgment), appeal dismissed, disc. rev. denied, 847 S.E.2d 882 (N.C. 2020). However,
 through its recent order in Lippard, 847 S.E.2d 882 (N.C. 2020), our Supreme Court has
 made clear that although a judge of this Court is opposed to the reasoning and analysis of a
 majority opinion, it is not proper to entitle the same as a dissent and such an opinion does
 not confer an appeal of right in accordance with N.C.G.S. § 7A-30(2). See N.C.G.S. § 7A-30
 (2019) (“[A]n appeal lies of right to the Supreme Court from any decision of the Court of
 Appeals rendered in a case: . . . . (2) In which there is a dissent when the Court of Appeals is
 sitting in a panel of three judges.”). To the extent that I misconstrue the Supreme Court’s
 recent order regarding the applicability of N.C.G.S. § 7A-30(2), I dissent.
 STATE V. STOKLEY

 2021-NCCOA-71

 MURPHY, J., concurring in result only

 ...

 (b) There shall be two degrees of kidnapping as defined by
 subsection (a). . . . . If the person kidnapped was released
 in a safe place by the defendant and had not been seriously
 injured or sexually assaulted, the offense is kidnapping in
 the second degree and is punishable as a Class E felony.

 N.C.G.S. § 14-39(a)-(b) (2019) (emphasis added). Under N.C.G.S. § 14-39(a), the State

 is required to prove a victim was “confine[d], restrain[ed], or remove[d]” by a

 defendant. As the Majority correctly notes, “[t]hese are discrete legal terms, having

 different meanings, and are stated disjunctively.” Supra at ¶ 39. The Majority,

 however, conflates removal with confinement and restraint throughout its Double

 Jeopardy analysis and upholds Defendant’s punishments for convictions of robbery

 with a dangerous weapon and second-degree kidnapping. Supra at ¶ 25, 31-32, 44-

 47. Most glaringly, the Majority inappropriately mixes the theory of confinement

 with the theory of removal in its discussion of State v. Irwin and State v. Boyce. Supra

 at ¶ 25, 30-32. This analysis is not supported by the statutes, caselaw, dicta, or, most

 importantly, past analyses of the application of plain error in binding precedent from

 this Court and our Supreme Court.

¶ 53 The Majority unconvincingly attempts to distinguish this case from State v.

 Irwin, where our Supreme Court held the trial court erred in denying the defendant’s

 motion to dismiss the kidnapping charge. Supra at ¶ 30-32; State v. Irwin, 304 N.C.

 93, 103, 282 S.E.2d 439, 446 (1981), not followed as dicta on other grounds, State v.
 STATE V. STOKLEY

 2021-NCCOA-71

 MURPHY, J., concurring in result only

 Greene, 329 N.C. 771, 408 S.E.2d 185 (1991). In Irwin, although the defendant was

 indicted on kidnapping the victim on the theory of removal and restraint, the

 Supreme Court only analyzed the facts under the removal theory as it was the only

 theory provided by the trial court for the jury’s consideration. Id. at 101, 282 S.E.2d

 at 445 (“[The] [d]efendant assigns as error the trial court’s denial of his motion to

 dismiss the charge of kidnapping. This assignment has merit. The indictment

 charges [the] defendant with kidnapping [the victim] by removing her from one place

 to another and restraining her for the purpose of facilitating an armed robbery. The

 trial judge instructed the jury on the element of removal only, thus withdrawing the

 issue of restraint from jury consideration. Our discussion, therefore, will be limited

 to the meaning of the phrase ‘remove from one place to another’ as used in [N.C.G.S.

 §] 14-39(a).”). The victim was forced at knifepoint to walk toward the back of the

 store to obtain drugs from the prescription counter. Id. at 103, 282 S.E.2d at 446.

 “During this time two shots were fired by [the] defendant at the front of the store,

 causing [his accomplice] to flee. [The victim] was not touched or further restrained.

 All movement occurred in the main room of the store.” Id. Our Supreme Court held

 this removal “was an inherent and integral part of the attempted armed robbery[]”

 because it was necessary “[t]o accomplish [the] defendant’s objective of obtaining

 drugs . . . .” Id.

¶ 54 The Majority holds this case is different from Irwin because Defendant’s
 STATE V. STOKLEY

 2021-NCCOA-71

 MURPHY, J., concurring in result only

 removal of Saunders was not necessary to complete the convicted armed robbery, and

 therefore was not an inherent part of the robbery. Supra at ¶ 32. However, the

 indictment here provides Defendant kidnapped Saunders only by “unlawfully

 confining him”; whereas, the defendant in Irwin was indicted on removal and

 restraint and convicted on only the theory of removal. Based on the language in the

 indictment, our focus must remain on whether the circumstances surrounding the

 victim’s confinement, not his removal from the bedroom, was inherent in the

 convicted armed robbery.

¶ 55 In State v. Boyce, the defendant broke into the victim’s home, chased her, and

 prevented the victim’s escape by dragging her back into her home before the onset of

 the robbery with a dangerous weapon. State v. Boyce, 361 N.C. 670, 671, 651 S.E.2d

 879, 880-81 (2007). The defendant was indicted for kidnapping on the theories of

 confinement, restraint, and removal. Id. at 671-72, 651 S.E.2d at 881. Our Supreme

 Court held the restraint and removal were separate from the accompanying felony

 “and was sufficient to constitute the separate crime of kidnapping under North

 Carolina law.” Id. at 674, 651 S.E.2d at 882. However, the defendant in Boyce was

 indicted for kidnapping based on confinement, restraint, and removal. Id. at 671-72,

 651 S.E.2d at 881. Here, we cannot rely on the holding in Boyce even if the evidence

 supports a consideration that Saunders was removed prior to his confinement

 because Defendant was only indicted on a theory of confinement and therefore
 STATE V. STOKLEY

 2021-NCCOA-71

 MURPHY, J., concurring in result only

 confinement is the only appropriate theory to consider for the motion to dismiss.

¶ 56 Later, in its analysis of plain error, the Majority reasons “[t]his removal and

 restraint included all the meanings of confine.” Supra at ¶ 45. However, the Majority

 again strays from the issue before us of whether the jury probably would have

 returned a different verdict had they been instructed only on confinement. See State

 v. Lawrence, 365 N.C. 506, 507, 723 S.E.2d 326, 327 (2012). Confinement does not

 equate to removal. Removal is a distinct term that differs from restraint and

 confinement. See State v. Fulcher, 294 N.C. 503, 522-23, 243 S.E.2d 338, 351 (1978)

 (holding removal does not require movement for a substantial distance, and “‘confine’

 connotes some form of imprisonment within a given area . . . . The term ‘restrain,’

 while broad enough to include a restriction upon freedom of movement by

 confinement, connotes also such a restriction, by force, threat or fraud, without a

 confinement.”). These differences were clearly contemplated by the General

 Assembly given its use of the different terms to identify theories of kidnapping within

 N.C.G.S. § 14-39(a). See State v. Small, 201 N.C. App. 331, 342, 689 S.E.2d 444, 450

 (2009) (“The primary rule of statutory construction is that the intent of the legislature

 controls the interpretation of a statute.”); Porsh Builders, Inc. v. City of Winston-

 Salem, 302 N.C. 550, 556, 276 S.E.2d 443, 447 (1981) (“It is well established that a

 statute must be considered as a whole and construed, if possible, so that none of its

 provisions shall be rendered useless or redundant. It is presumed that the legislature
 STATE V. STOKLEY

 2021-NCCOA-71

 MURPHY, J., concurring in result only

 intended each portion to be given full effect and did not intend any provision to be

 mere surplusage.”).

¶ 57 Equating removal to confinement, as the Majority has, goes against our

 binding precedent and jurisprudence. In numerous kidnapping cases we, along with

 our Supreme Court, have engaged in a plain error analysis regarding the theories of

 kidnapping. See State v. Tucker, 317 N.C. 532, 536-37, 346 S.E.2d 417, 420 (1986)

 (holding plain error where the jury was instructed on restraint, a theory not charged

 in the indictment); State v. Lucas, 353 N.C. 568, 588, 548 S.E.2d 712, 726 (2001)

 (holding error, but not plain error, where the trial court failed to instruct on the

 theory of confinement alleged in the indictment but rather instructed the jury on the

 theory of removal), overruled in part on other grounds, State v. Allen, 359 N.C. 425,

 615 S.E.2d 256 (2005), withdrawn, 360 N.C. 569, 635 S.E.2d 899 (2006); State v.

 Clinding, 92 N.C. App. 555, 562-63, 374 S.E.2d 891, 895 (1989) (holding no plain error

 where the indictment alleged removal and confinement but the jury was instructed

 on restraint); State v. Smith, 162 N.C. App. 46, 51-53, 589 S.E.2d 739, 743-744 (2004)

 (holding plain error where the indictment alleged removal but the trial court

 instructed the jury on confinement, restraint, or removal). If the Majority was

 correct, then there would be no difference between confinement, restraint, and

 removal under N.C.G.S. § 14-39(a), and plain error analysis would be unnecessary

 when a trial court instructs the jury on a theory not alleged in the indictment.
 STATE V. STOKLEY

 2021-NCCOA-71

 MURPHY, J., concurring in result only

 Accordingly, given the Majority’s conflation of removal, restraint, and confinement, I

 cannot concur with its analysis and reasoning.

¶ 58 While I could not disagree more with the Majority’s chosen path in reaching

 the result of no error and no plain error, I also conclude the trial court did not err in

 denying Defendant’s motion to dismiss and erred, but did not commit plain error in

 instructing the jury on removal and restraint where the indictment only referred to

 confinement.

¶ 59 The Majority has accurately presented the facts of this case and the standards

 of review. Supra ¶ 2-16, 19, 37. As for Defendant’s motion to dismiss, the evidence

 taken in the light most favorable to the State demonstrates that not only was

 Saunders the victim of the indicted and convicted armed robbery whereby his pockets

 were rifled through and his cell phone was taken as the assailants left, he was also a

 victim of an earlier attempted robbery whereby the assailants confined him on the

 floor while they attempted to discern the location of Baeza’s large sums of money and

 take the money by force.

¶ 60 There was substantial evidence the armed robbery of Saunders’ cell phone was

 a distinct crime from the earlier attempted armed robbery of Baeza’s large sums of

 money. During this initial attempted armed robbery, Saunders was “confin[ed] . . .

 without his consent and for the purposes of facilitating the commission of a felony,

 [r]obbery with a [d]angerous [w]eapon” as indicted. The import of N.C.G.S. § 14-
 STATE V. STOKLEY

 2021-NCCOA-71

 MURPHY, J., concurring in result only

 39(a)(2) is that the confinement was done in facilitating any felony and, although the

 initial attempted armed robbery seeking Baeza’s large sums of money was not

 completed, it may serve as the predicate felony for second-degree kidnapping as

 indicted. See State v. Cole, 199 N.C. App. 151, 160, 681 S.E.2d 423, 429 (“[A]

 defendant need not be convicted of the underlying felony in order to be convicted of

 kidnapping.”), disc. rev. denied, 363 N.C. 658, 686 S.E.2d 679 (2009), cert. denied, 368

 N.C. 605, 780 S.E.2d 833 (2015). Nothing in the trial court’s unchallenged jury

 instructions limited the jury’s consideration of kidnapping to the confinement during

 the later armed robbery of Saunders’ cell phone from his pocket. In the light most

 favorable to the State, substantial evidence was offered as to the commission of the

 second-degree kidnapping during a separate attempted armed robbery from the

 convicted armed robbery. Under these circumstance, Defendant’s punishment for

 convictions of both robbery with a dangerous weapon and second-degree kidnapping

 under the theory of confinement do not violate Double Jeopardy and the trial court

 did not err in denying his motion to dismiss.

¶ 61 Turning to Defendant’s argument as to plain error, I agree the trial court’s

 instruction was in error and did not accurately track the grand jury’s indictment.

 Our courts have been presented with this issue several times and, in considering

 whether the error amounts to plain error, we must first determine whether “the jury

 probably would have returned a different verdict had the error not occurred.”
 STATE V. STOKLEY

 2021-NCCOA-71

 MURPHY, J., concurring in result only

 Lawrence, 365 N.C. at 507, 723 S.E.2d at 327. Here, this issue is complicated by the

 consideration of confinement and the potential impact on Defendant’s right to be free

 from Double Jeopardy. As discussed above, there was substantial evidence from

 which the jury could determine Defendant confined Saunders during the first

 attempted armed robbery of Baeza’s money, as well as the subsequent armed robbery

 of Saunders’ cell phone from his pocket. This evidence defeats the proposition “the

 jury probably would have returned a different verdict” had the trial court properly

 instructed the jury only on confinement. Id. Further, in an attempt to show a

 probably different verdict had the error not occurred, Defendant argues his alibi

 testimony demonstrates the State’s case was not overwhelming. Defendant’s reliance

 on this evidence is misplaced as the jury rejected his alibi defense when it found him

 guilty of armed robbery, a conviction not substantively challenged on appeal. The

 trial court’s error does not amount to plain error as the evidence here does not permit

 us to conclude “the jury probably would have returned a different verdict had the

 error not occurred.” Id.

¶ 62 I respectfully concur in the result only.